GEORGE H. VEAZEY, PLAINTIFF-APPELLANT, v. CHARLES D.
DOREMUS AND DOROTHY J. VEAZEY,
DEFENDANTS-RESPONDENTS.

Argued February 18, 1986—Decided July 10, 1986.

*Alan Roth* argued the cause for appellant (*Bendit, Weinstock & Sharbaugh,* attorneys; *Alan Roth* and *Harry Schaffer,* on the briefs).

*Michael D. Blythe* argued the cause for respondent Charles D. Doremus (*O'Donnell, McCord, Leslie & O'Toole,* attorneys).

*John Haschak, III,* argued the cause for respondent Dorothy J. Veazey (*W. Stephen Leary,* attorney; *James D. Bride,* of counsel).

The opinion of the Court was delivered by

POLLOCK, J.

This appeal presents a choice-of-law question relating to the issue of the capacity of one spouse to sue another for personal injuries arising out of the other spouse's negligent operation of an automobile. The question arises because Florida, the spouses' state of domicile, recognizes interspousal immunity, but New Jersey, the forum and the place where the accident occurred, has abolished that immunity.

–I–

While riding as a passenger in a car driven by his wife, George Veazey was injured in New Jersey when their car collided with a car owned and operated by Charles Doremus, a New Jersey resident. Mr. and Mrs. Veazey were en route to their home in Florida after visiting friends in New Jersey. At the time of the accident, the Veazeys, who previously had lived in New Jersey for over 40 years, had been residing in Florida for approximately three years. As a result of the accident, Mr. Veazey instituted a personal injury action in New Jersey against his wife and Mr. Doremus.

Mrs. Veazey filed a motion for summary judgment based on Florida's doctrine of interspousal immunity. Because New Jersey has abandoned interspousal immunity in personal injury actions, the motion presented a choice-of-law question. The Law Division denied Mrs. Veazey's motion, concluding "that New Jersey's interest in the case predominates."

In an unreported decision, the Appellate Division reversed, holding that the law of the state where the spouses reside "must be applied both as to immunity and the right of a co-defendant to recover contribution from the immune spouse." Accordingly, the Appellate Division granted Mrs. Veazey's motion for summary judgment and remanded the case for trial. We denied Mr. Veazey's motion for leave to file an interlocutory appeal. *R.* 2:2–2. As a result, the action was dismissed as to Mrs. Veazey, but the trial proceeded as to Mr. Doremus.

At trial, the testimony disclosed that the accident occurred at a jughandle intersection of Route 10 and Ridgedale Avenue in Hanover Township. That intersection is controlled by a traffic light, and Mr. and Mrs. Veazey, who were traveling on Route 10, testified that the light was green for them. Mr. Doremus, however, testified that he had been stopped at a red light and followed two cars through the intersection after the light turned green for traffic heading south on Ridgedale Avenue. Mr. Doremus's version was confirmed not only by his passen-

ger, but also by another independent witness who testified that Mrs. Veazey ran a red light and who quoted her as saying at the scene of the accident, "I saw the red light but could not stop." The jury found that Mr. Doremus was negligent because he had not looked to his left or right as he proceeded through the intersection, but found further that his negligence was not a proximate cause of the accident. Thus, a judgment of no cause for action was entered in favor of Mr. Doremus, thereby rendering moot his claim for contribution. The Appellate Division affirmed, and we granted certification, 102 *N.J.* 341 (1985).

Our grant of certification included a challenge to the sufficiency of the evidence to sustain the jury's verdict. We now realize, after a meticulous canvassing of the full record, that there is no basis for that challenge, and we therefore vacate certification on that issue as having been improvidently granted. The issue that remains is whether New Jersey, as the state where the accident happened and the forum for the litigation, should apply its law or that of Florida in determining the capacity of Mr. Veazey to maintain the action against his wife.

–II–

In tort cases, New Jersey has rejected the rule for determining choice of law based on the place where the wrong occurred, sometimes described as *lex loci delicti. E.g., Pfau v. Trent Aluminum Co.,* 55 *N.J.* 511, 514–15 (1970); *Mellk v. Sarahson,* 49 *N.J.* 226, 228–29 (1967). Although that rule had the virtue of certainty and predictability, its mechanical application often led to unjust results. *Mellk v. Sarahson, supra,* 49 *N.J.* at 228–29. Consequently, we have adopted the more flexible governmental-interest analysis in choice-of-law decisions. *E.g., State Farm Mut. Auto. Ins. Co. v. Estate of Simmons,* 84 *N.J.* 28, 34, 36 (1980); *Pfau v. Trent Aluminum Co., supra,* 55 *N.J.* at 514–15; *Mellk v. Sarahson, supra,* 49 *N.J.* at 229–31, 234–35.

 Under that analysis, the determinative law is that of the state with the greatest interest in governing the particular issue. *See, e.g., White v. Smith,* 398 *F.Supp.* 130, 134 (D.N.J. 1975); *McSwain v. McSwain,* 420 *Pa.* 86, 94, 215 *A.*2d 677, 682 (1966). The first step in the analysis is to determine whether a conflict exists between the law of the interested states. Any such conflict is to be determined on an issue-by-issue basis. *See, e.g., White v. Smith, supra,* 398 *F.Supp.* at 134; R. Leflar, *American Conflicts Law* § 92, at 185 (3rd ed. 1977); R. Weintraub, *Commentary on the Conflict of Laws* § 6.9, at 285 (2d ed. 1980). If an actual conflict exists, the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties. *See, e.g., Henry v. Richardson-Merrell, Inc.,* 508 *F.*2d 28, 32 (3rd Cir.1975); *White v. Smith, supra,* 398 *F.Supp.* at 134–35; *Schwartz v. Schwartz,* 103 *Ariz.* 562, 564, 447 *P.*2d 254, 256 (1968); *Pfau v. Trent Aluminum Co., supra,* 55 *N.J.* at 516–23. If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply. *See Pfau v. Trent Aluminum Co., supra,* 55 *N.J.* at 521–22; *Mellk v. Sarahson, supra,* 49 *N.J.* at 230. Consequently, the qualitative, not the quantitative, nature of a state's contacts ultimately determines whether its law should apply. *See Henry v. Richardson-Merrell, Inc., supra,* 508 *F.*2d at 32; *White v. Smith, supra,* 398 *F.Supp.* at 134.

██ In the present case, Florida adheres to the doctrine of interspousal immunity. *See, e.g., Snowten v. United States Fidelity & Guar. Co.,* 475 *So.*2d 1211 (Fla.1985); *Hill v. Hill,* 415 *So.*2d 20 (Fla.1982); *Raisen v. Raisen,* 379 *So.*2d 352 (Fla.1979), *cert. denied,* 449 *U.S.* 886, 101 *S.Ct.* 240, 66 *L.Ed.*2d 111 (1980). Underlying Florida's position is the notion that suits between spouses will create marital discord and spawn fraudulent lawsuits. *See, e.g., Snowten v. United States Fidelity & Guar. Co., supra,* 475 *So.*2d at 1212, *Raisen v. Raisen, supra,* 379 *So.*2d at 354–55.

New Jersey, however, has abandoned interspousal immunity in personal injury actions, thereby allowing spouses to sue one another. *See, e.g., Immer v. Risko,* 56 *N.J.* 482 (1970); *Merenoff v. Merenoff,* 76 *N.J.* 535 (1978). We have concluded that the marital relationship will not be disturbed by allowing such a cause of action. With respect to automobile accidents, for example, most motor vehicle owners are covered by liability insurance, and the insurance carrier is the real party in interest. Hence, precluding, rather than permitting, a cause of action between spouses might be harmful to domestic harmony. *Immer v. Risko, supra,* 56 *N.J.* at 489. Without insurance coverage, medical and other expenses of the injured spouse would put an "unexpected drain on the family's financial resources [that] could likely lead to an interference with the normal family life." *Id.* Although we have recognized the possibility of fraudulent and collusive suits to recover insurance proceeds, we believe that courts are adequately equipped to ferret out such claims. *Id.* at 490–94. Focusing on the right of every person to be compensated for his or her injuries, we have concluded that one spouse has the right to sue the other for injuries caused by the other's negligence. *Merenoff v. Merenoff, supra,* 76 *N.J.* at 547, 557.

Insofar as the contacts of each state with the parties and the litigation are concerned, New Jersey's relevant contacts are as the forum and as the situs of the accident. As the situs, New Jersey has an interest in maintaining highway safety and deterring negligent driving. That interest, however, is unrelated to the immunity of a party from suit because of a family relationship. *Edmunds v. Edmunds,* 353 *F.Supp.* 287, 289 (D.D.C.1972); *cf. White v. Smith, supra,* 398 *F.Supp.* at 138 (issue of a vehicle owner's liability for the negligent driving of a lessee is unrelated to the state's interest in regulating the conduct of its drivers); *Berghammer v. Smith,* 185 *N.W.2d* 226, 232 (Iowa 1971) (propriety of a spouse's claim for consortium is not relevant to a state's interest in enforcing highway safety). Spouses domiciled in states that recognize interspous-

al immunity are no less careful when they drive through a state that has abolished the immunity. *See Johnson v. Johnson,* 107 *N.H.* 30, 32, 216 *A.*2d 781, 783 (1966); *McSwain v. McSwain, supra,* 420 *Pa.* at 96, 215 *A.*2d at 683. A motor vehicle operator's concern for his or her own safety and that of others on the highway is sufficiently strong, so that judicial recognition of interspousal immunity as declared by another state will not endanger highway safety in New Jersey. Hence, application of Florida's interspousal immunity will not adversely affect New Jersey's interest in regulating the operation of motor vehicles within its boundaries. *See McSwain v. McSwain, supra,* 420 *Pa.* at 94–96, 215 *A.*2d at 682–83. The fortuitous fact that New Jersey is the situs of the injury does not compel the conclusion that our rule on interspousal immunity should apply. *Cf. Emery v. Emery,* 45 *Cal.*2d 421, 426, 289 *P.*2d 218, 222 (1955) ("place of injury is both fortuitous and irrelevant" to choice-of-law problem concerning interspousal and intra-family immunity); *Wartell v. Formusa,* 34 *Ill.*2d 57, 58, 213 *N.E.*2d 544, 545 (1966) (place of injury is of "no significance in determining which law should govern the determination" of interspousal immunity); *Zweifel v. Morgan,* 145 *N.J.Super.* 35, 38 (App. Div.1976) (happening of accident in New Jersey was merely "adventitious" and did not provide the State with an interest in having its interspousal-immunity law apply).

Furthermore, New Jersey's abolition of interspousal immunity, which facilitates compensation of one spouse who is injured by another, redounds to the benefit of those spouses who are domiciled in this state. *See Edmunds v. Edmunds, supra,* 353 *F.Supp.* at 289; *McSwain v. McSwain, supra,* 420 *Pa.* at 94, 215 *A.*2d at 682; Traynor, "Is This Conflict Really Necessary?", 37 *Tex.L.Rev.* 657, 669 (1959); *cf. Berghammer v. Smith, supra,* 185 *N.W.*2d at 232 (state's recognition of a wife's claim for loss of consortium applies only to wives domiciled in that

state). This state's interest in the capacity of spouses domiciled elsewhere to sue each other pales by comparison to the interest of their state of domicile.

On the other hand, Florida's contacts with Mr. and Mrs. Veazey and the litigation are directly related to the issue of interspousal immunity. As the domicile of the two adversary spouses, that state has the dominant interest in preserving their marital relationship. *See Emery v. Emery, supra,* 45 *Cal.*2d at 428, 289 *P.*2d at 223; *Zweifel v. Morgan, supra,* 145 *N.J.Super.* at 38. Because of that interest, Florida law applies under governmental-interest analysis.

Additionally, it is more sensible to determine interspousal immunity by reference not to the place of the accident, but to the domicile of the spouses. As the state in which the parties maintain their domicile, Florida has the primary interest in the incidents of family status, such as the capacity of one family member to sue another. *Koplik v. C.P. Trucking Corp.,* 27 *N.J.* 1, 11–12 (1958). That capacity should not change as a husband and wife cross state lines on a motor trip.

The same result follows under the "significant relationship" test of the *Restatement,* which states that the applicable law on intra-family immunity "will usually be the local law of the state of the parties' domicil." *Restatement (Second) of Conflicts of Law* § 169(2) at 506 (1971). It follows that Florida, as the state of their domicile, has the dominant interest in resolving the issue of Mrs. Veazey's liability to her husband. *Id.* § 6 at 14–15.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices POLLOCK, HANDLER, O'HERN, GARIBALDI, and STEIN—6.

*For reversal*—None.