Douglas P. SCHEER, Jr.,
Plaintiff–Appellant,

v.

Douglas Patrick SCHEER, Sr.,
Defendant–Appellee.

No. 93CA1779.

Colorado Court of Appeals,
Div. II.

Aug. 25, 1994.

Strate and Tondre, P.C., Brice A. Tondre, Steven R. Schumacher, Wheat Ridge, for plaintiff-appellant.

Hall & Evans, L.L.C., Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

In this negligence action involving a choice of law dispute, plaintiff, Douglas P. Scheer, Jr. (son), appeals the summary judgment entered in favor of defendant, Douglas Patrick Scheer, Sr. (father). We reverse and remand for further proceedings.

While father and son were in Colorado on their way home to California after a trip to New York, they were involved in an automobile accident with another vehicle driven by a third party. As a result of that accident, son

brought this negligence claim against his father and the other driver as a co-defendant.

Father filed a motion for summary judgment, contending his son's action against him was barred by parental immunity, a doctrine recognized under certain circumstances in Colorado. *See Terror Mining Co. v. Roter,* 866 P.2d 929 (Colo.1994); *Schlessinger v. Schlessinger,* 796 P.2d 1385 (Colo.1990). Son asserted, in response, that California law should control the immunity issue. California has abolished the doctrine of parental immunity. *See Gibson v. Gibson,* 3 Cal.3d 914, 479 P.2d 648, 92 Cal.Rptr. 288 (1971).

The trial court granted father's motion for summary judgment, ruling that Colorado law applied because Colorado had the most significant relationship with the parties. The trial court focused on the occurrence of the accident in Colorado, the injuries, and the co-defendant's residence in Colorado. The trial court also concluded that the policies underlying Colorado's parental immunity doctrine are applicable and that Colorado's interests in the determination of the parental immunity issue are not diminished.

The Colorado co-defendant was dismissed from this action by stipulation after the trial court's order. This appeal followed.

Son contends that the trial court erred in granting summary judgment on the basis of Colorado law regarding parental immunity, rather than applying the law of California on that issue. We agree.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ In multistate tort controversies, the law of the state with the most "significant relationship" with the occurrence and the parties is applied. *First National Bank v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973) (adopting the analysis of Restatement (Second) of Conflict of Laws § 145 (1969)). Under Restatement § 145, the contacts to be considered in determining which state's law should be applied include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.

Each contact must be evaluated and assigned a relative degree of importance with respect to the particular rule of law at issue. *Sabell v. Pacific Intermountain Express Co.,* 36 Colo.App. 60, 536 P.2d 1160 (1975); Restatement (Second) of Conflict of Laws § 145(2) (1969).

■ In making such an evaluation and in assigning a relative importance to each significant contact, the following must be analyzed: (a) the needs of the interstate and international systems; (b) the relative policies of the forum; (c) the relative policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability, and uniformity of result; and (g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflict of Laws § 6 (1969).

■ These policy considerations vary in importance and in application depending upon the field of law and the particular issue under consideration. *Sabell v. Pacific Intermountain Express Co., supra.* The "relative interests of the states in the determination of the outcome" and the "purpose sought to be achieved by the relevant tort rules of the interested states" are the factors of greatest importance in multistate tort cases. *Abdelsamed v. New York Life Insurance Co.,* 857 P.2d 421, 429 (Colo.App.1992), *rev'd on other grounds sub nom. Hock v. New York Life Insurance Co.,* 876 P.2d 1242 (Colo.1994).

The supreme court applied these principles in *First National Bank v. Rostek, supra,* 182 Colo. at 447, 514 P.2d at 319, in ruling that: "[W]hen the guest-passenger and the host-driver are domiciled in the same state, and the [vehicle] is there registered, the law of that state should control and determine the

standard of care which the host owes to his guest."

And, in *Sabell v. Pacific Intermountain Express Co., supra*, the court concluded that the domicile, residence, and the place where the relationship between the parties is centered, are to be weighed more heavily in "rule of recovery" choice of law determinations, than the contacts of the place where the injury occurred. Thus:

> The manner in which one citizen. may seek redress from another and the rules under which such disputes are resolved are evolved by a state to aid in the resolution of private differences between its citizens or its citizens and those of other states. The relationship the parties have with a particular state has the greatest effect upon which of such rules of recovery should apply.

*Sabell v. Pacific Intermountain Express Co., supra*, 36 Colo.App. at 69, 536 P.2d at 1165; *see also Conlin v. Hutcheon*, 560 F.Supp. 934 (D.Colo.1983).

We note that the specific choice of law principle for intra-family disputes set forth in Restatement (Second) of Conflict of Laws § 169 (1969) provides that the law selected by application of Restatement § 145 "will usually be the local law of the state of the parties' [domicile]" because "the state of the parties' [domicile] will almost always be the state of dominant interest...." Restatement (Second) of Conflict of Laws § 169(2) and comment b (1969); *see also* Restatement (Second) of Conflict of Laws § 145 comment d (1969).

Numerous other courts have adopted the Restatement view that the state of the domicile has the primary interest in the family relationship and a family member's capacity to sue another member. *See Armstrong v. Armstrong*, 441 P.2d 699 (Alaska 1968) (interspousal suit); *Schwartz v. Schwartz*, 103 Ariz. 562, 447 P.2d 254 (1968) (interspousal suit), *overruled on other grounds, Fernandez v. Romo*, 132 Ariz. 447, 646 P.2d 878 (1982); *Emery v. Emery*, 45 Cal.2d 421, 289 P.2d 218 (1955) (suit against father and brother); *Aurora National Bank v. Anderson*, 132 Ill. App.2d 217, 268 N.E.2d 552 (1971) (guardian of child against parent); *Gollnick v. Gollnick*,

517 N.E.2d 1257 (Ind.Ct.App.1988), *adopted*, 539 N.E.2d 3 (Ind.1989) (suit by. child against parent); *Sweeney v. Sweeney*, 402 Mich. 234, 262 N.W.2d 625 (1978) (child against parent); *Veazey v. Doremus*, 103 N.J. 244, 510 A.2d 1187 (1986) (interspousal suit); *Forsman v. Forsman*, 779 P.2d 218 (Utah 1989) (interspousal suit); *see also* Annot., 96 A.L.R.2d 973 (1964).

Here, the trial court gave little weight to the domicile of the father and son and, instead, focused on the place of the accident and injury. However, the place of the accident was merely a "fortuitous occurrence." *See First National Bank v. Rostek, supra.* Focusing on the place of injury in an intra-family immunity dispute subjects the rights, duties, liabilities, and immunities conferred or imposed by the family relationship to constant change as family members cross state lines during temporary absences from home. *See Emery v. Emery, supra.*

The trial court also considered the existence of a Colorado co-defendant. That interest, however, is unrelated to the father's immunity from suit because of his family relationship with the son. Courts have applied the law of the state of the parties' domicile with respect to intra-family immunity, without considering the presence of another co-defendant who resides in the place of the accident as a factor. *See Veazey v. Doremus, supra; Forsman v. Forsman, supra; see also Schwartz v. Schwartz, supra* (holding that New York law (domicile of parties) should govern the issue of interspousal suits does not mean that Arizona law (place of injury) may not be applied to other issues of the case).

Father did not address the application of *Sabell v. Pacific Intermountain Express Co., supra*, or the Restatement (Second) of Conflict of Laws § 145 comment d or § 169 to this case. We are not persuaded by his citation to decisions from other jurisdictions applying the law of the place of injury. *See Pierce v. Helz*, 64 Misc.2d 131, 314 N.Y.S.2d 453 (N.Y.Sup.Ct.1970) (minority view); *Conklin v. Horner*, 38 Wis.2d 468, 157 N.W.2d 579 (1968) (not involving intra-family immunity).

In light of *First National Bank v. Rostek, supra, Sabell v. Pacific Intermountain Express Co., supra,* and the Restatement approach, we conclude that the trial court erred in applying Colorado law to the parental immunity issue here. Rather, California has the dominant interest in the parties' family relationship, and its law should be applied to that issue.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings on the son's complaint, consistent with the views expressed in this opinion.

STERNBERG, C.J., and TAUBMAN, J., concur.