279 N.J. Super. 607 (1995)
653 A.2d 1166
BARBARA HAGGERTY, PLAINTIFF-RESPONDENT,
v.
JOHN BOSCO CEDENO, DEFENDANT, AND DOLLAR SYSTEMS, INC., AND DOLLAR RENT A CAR SYSTEMS, INC., DOLLAR ILLINOIS, INC. AND DOLLAR OPERATIONS, INC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1995.
Decided February 21, 1995.
*608 Before Judges MUIR, Jr., D'ANNUNZIO and EICHEN.
David Henry Sculnick argued the cause for appellants (Gordon & Silber, P.C., attorneys; Laurie A. Tascione and Mr. Sculnick, on the briefs).
Linda C. Daubner argued the cause for respondent (Ms. Daubner, on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
The issue is whether the trial court erred in applying a New York statute governing the liability of a vehicle owner, rather than New Jersey's common law rule.
*609 This is an automobile personal injury negligence action by a New Jersey resident who was struck in Elizabeth, New Jersey, by an automobile registered in New York and operated by a Florida resident. Defendant Dollar Systems, Inc. (Dollar) owned the vehicle. It is a Delaware corporation, but its principal place of business is in New York. The driver, defendant Cedeno, rented the vehicle from Dollar at Newark airport.
Under New Jersey common law, the owner of a motor vehicle is not liable for the negligence of the operator of the vehicle, unless the operator is acting as the owner's agent or employee. Doran v. Thomsen, 76 N.J.L. 754 (E & A 1908); Mauren v. Brown, 106 N.J.L. 284 (Sup.Ct. 1930); see Harvey v. Craw, 110 N.J. Super. 68, 264 A.2d 448 (App.Div. 1970). The New York rule is different. A statute imposes liability on owners. It provides:
1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.
[N.Y. Vehicle and Traffic Law § 388 (McKinney 1986) (hereafter § 388).]
In Fried v. Seippel, 80 N.Y.2d 32, 587 N.Y.S.2d 247, 599 N.E.2d 651 (1992), the Court of Appeals noted that § 388 is designed to protect the innocent victims of automobile accidents by "assuring that there will be a financially responsible party who is available to answer in damages." Id. 587 N.Y.S.2d at 251, 599 N.E.2d at 654. The Court reasoned that the legislative scheme requiring owners of registered vehicles to procure insurance to cover the liability that § 388 creates, evinces an intent to extend liability to vehicles "registered, used, operated or intended for use within [New York]." Id. at 250, 599 N.E.2d at 653. Moreover, as the New York Law Revision Commission stated, another purpose of § 388 is "to discourage owners from lending their vehicles to incompetent or irresponsible drivers." Report of the New York Law Revision Commission at 593 (1958).
*610 Consistent with those objectives, § 388 has been applied extra-territorially, although on facts distinguishable from the present case. See Farber v. Smolack, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 251, 229 N.E.2d 36, 38 (1967) (holding § 388 has extra-territorial effect in spite of the statute's apparent restriction to operation of a motor vehicle "in this state"); Sentry Ins. Co. v. Amsel, 36 N.Y.2d 291, 367 N.Y.S.2d 480, 483, 327 N.E.2d 635, 636 (1975) ("The legislative history of section 388 ... indicates that the Legislature intended to enlarge the vehicle owner's vicarious liability and not to draw the line at the border."); Johnson v. Hertz Corp., 315 F. Supp. 302 (S.D.N.Y. 1970) (applying the statute when the operator of a vehicle which had been rented in New York injured a Massachusetts resident in New Jersey). The courts have also held that nonresidents can maintain claims under § 388, noting that New York's concern is primarily with regulating the conduct of its resident car owners regardless of whom their tortious conduct victimizes. See Vasquez v. Christian Herald Ass'n, 186 A.D.2d 467, 588 N.Y.S.2d 291, 292 (1992) (holding § 388 applicable to Ohio resident injured by New York resident in Pennsylvania); Klippel v. U-Haul Co. of Northeastern Michigan, 759 F.2d 1176, 1180 (4th Cir.1985) (Under § 388, "the innocent victim class is not limited to New Yorkers, but there must be a connection between the vehicle and its owner on the one hand and the state of New York.").
In the present case, against this background, the trial court determined that § 388 applied and, therefore, defendant Dollar was vicariously liable for Cedeno's negligence. Haggerty v. Cedeno, 267 N.J. Super. 114, 630 A.2d 848 (Law Div. 1993). Dollar appeals.
We affirm substantially for the reasons expressed by Judge Menza in his comprehensive opinion. We add the following comments to sharpen the applicable choice of law analysis and to eliminate one element of the trial court's rationale.
In Veazey v. Doremus, 103 N.J. 244, 510 A.2d 1187 (1986), our Supreme Court applied Florida's interspousal tort immunity to *611 bar a New Jersey action between Florida residents, husband and wife, arising out of a collision which occurred in New Jersey. The Court explained the framework within which choice of law issues are to be decided:
In tort cases, New Jersey has rejected the rule for determining choice of law based on the place where the wrong occurred, sometimes described as lex loci delicti. E.g., Pfau v. Trent Aluminum Co., 55 N.J. 511, 514-15 [263 A.2d 129] (1970); Mellk v. Sarahson, 49 N.J. 226, 228-29 [229 A.2d 625] (1967). Although that rule had the virtue of certainty and predictability, its mechanical application often led to unjust results. Mellk v. Sarahson, supra, 49 N.J. at 228-29 [229 A.2d 625]. Consequently, we have adopted the more flexible governmental-interest analysis in choice-of-law decisions. E.g., State Farm Mut. Auto. Ins. Co. v. Estate of Simmons, 84 N.J. 28, 34, 36 [417 A.2d 488] (1980); Pfau v. Trent Aluminum Co., supra, 55 N.J. at 514-15 [263 A.2d 129]; Mellk v. Sarahson, supra, 49 N.J. at 229-31, 234-35 [229 A.2d 625].
Under that analysis, the determinative law is that of the state with the greatest interest in governing the particular issue. See, e.g., White v. Smith, 398 F. Supp. 130, 134 (D.N.J. 1975); McSwain v. McSwain, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966). The first step in the analysis is to determine whether a conflict exists between the law of the interested states. Any such conflict is to be determined on an issue-by-issue basis. See, e.g., White v. Smith, supra, 398 F. Supp. at 134; R. Leflar, American Conflicts Law § 92, at 185 (3rd ed. 1977); R. Weintraub, Commentary on the Conflict of Laws § 6.9, at 285 (2d ed. 1980). If an actual conflict exists, the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties. See, e.g., Henry v. Richardson-Merrell, Inc., 508 F.2d 28, 32 (3rd Cir.1975); White v. Smith, supra, 398 F. Supp. at 134-35; Schwartz v. Schwartz, 103 Ariz. 562, 564, 447 P.2d 254, 256 (1968); Pfau v. Trent Aluminum Co., supra, 55 N.J. at 516-23 [263 A.2d 129]. If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply. See Pfau v. Trent Aluminum Co., supra, 55 N.J. at 521-22 [263 A.2d 129]; Mellk v. Sarahson, supra, 49 N.J. at 230 [417 A.2d 488]. Consequently, the qualitative, not the quantitative, nature of a state's contacts ultimately determines whether its law should apply. See Henry v. Richardson-Merrell, Inc., supra, 508 F.2d at 32; White v. Smith, supra, 398 F. Supp. at 134.
[Id. 103 N.J. at 247-48, 510 A.2d 1187 (emphasis added).]
New Jersey's common law rule regarding owner liability is not designed to protect the injured party, in this case a New Jersey resident, or to protect the driver. It is designed to shield an owner from liability in cases in which the owner has not been negligent and in which the culpable driver is not related to the owner in a way that will justify the imposition of vicarious liability under traditional principles of the law of agency or master servant. *612 That shield is consistent with the principle that tort liability in the context of automobile-related personal injuries is based on fault. New Jersey's interest in adhering to fault-based owner's liability is substantially diluted where, as in the present case, the owner is not a New Jersey resident, has its principal place of business in New York, the vehicle is registered in New York, and New York has determined that its vehicle owners shall be liable for the negligence of persons operating their automobiles.
Expressed in terms of the governmental interest analysis applied in Veazey, supra, New Jersey's contact with the vehicle and its owners was fortuitous and, therefore, New Jersey has, at best, a weak interest in providing the protection of its rule to Dollar. On the other hand, New York's contacts with the owner and the vehicle are substantial and directly related to the purpose of § 388, as recognized in Fried, supra, and in New York's legislative history.
An owner registering a vehicle in New York is on notice regarding its liability exposure for the torts of persons who are permitted to operate the vehicle and is required to insure the vehicle consonant with that exposure. Thus, New York, as the vehicle's home state, occupies a unique and critical position for the regulation of the owner's legal obligations arising out of the ownership and use of the vehicle. In Veazey's terms, New Jersey's contact with the vehicle and its ownership was fleeting and tenuous compared with New York's contacts. New Jersey, therefore, has little interest in protecting Dollar when New York withholds that protection.
The trial court relied, in part, on the fact that application of § 388 will be financially beneficial to the plaintiff. We deem that fact to be irrelevant in resolving the choice of law issue in this case. It would indeed be anomalous to apply foreign law solely to gain access to a deep pocket when local law denies that access.
Affirmed.