**Sandra McKINNEY, Plaintiff,**

v.

**S & S TRUCKING, INC., Ralph S. Crumley, Ivor G. Baker, Barco Auto Leasing Corp. and Royston Jeffrey, jointly, severally and/or in the alternative, Defendants.**

Civ. A. No. 93–4659 (SSB).

United States District Court, D. New Jersey.

May 10, 1995.

Brian W. McAlindin, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, for defendant Barco Auto Leasing Corp.

Vincent J. Ciecka, Pennsauken, NJ, for plaintiff Sandra McKinney.

## OPINION

BROTMAN, District Judge:

Presently before the court is the motion of defendant Barco Auto Leasing Corp. for summary judgment. For the reasons set forth below, the motion is denied.

### I. Factual and Procedural Background

On November 7, 1991, a three vehicle collision occurred in the southbound lanes of Interstate 295 on the New Jersey side of the Delaware Memorial Bridge. The vehicles involved in the collision were operated by plaintiff Sandra McKinney (the "Plaintiff"), defendant Ralph S. Crumley[1], and defendant Ivor Baker ("Baker").

At the time of the collision, the vehicle driven by defendant Baker was owned by defendant Barco Leasing Auto Corp. ("Barco") and registered in the state of New York. Barco has its principal place of business in New York state as its only office is located there. On or about February 19, 1988, defendant Barco leased the subject vehicle to defendant Royston Jeffrey. This lease was in effect at the time of the collision. See Barco's Brief, at 2. The lease agreement, which was entered into in New York, indicates that defendant Royston Jeffrey resides at 2151 Strauss Street, Brooklyn, New York. Since Royston Jeffrey has not filed an answer or any responsive pleadings in this matter, the court presumes that Mr. Jeffrey is a resident of New York. Ivor Baker, the driver of the vehicle, was likewise a resident of New York state. See Magistrate Judge Rosen's Order dated April 7, 1995 granting Plaintiff's motion to strike defendant Baker's answer and designate the facts as established in the complaint as against defendant Baker. The nature of the relationship between defendant Royston Jeffrey and defendant Baker is not clear at this time.

On the date of the incident, Plaintiff was operating her New Jersey registered vehicle on the Delaware Memorial Bridge. Her lane was allegedly blocked by the vehicle driven by defendant Baker. Plaintiff claims that after she brought her vehicle to a stop, she was rear-ended by a tractor trailer driven by defendant Crumley. The impact from the tractor trailer pushed Plaintiff's vehicle into Baker's stopped car.

Plaintiff brought her suit for damages against numerous defendants including defendants, Barco, Royston Jeffrey and Baker. This court's jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $50,000. Before the court is defendant Barco's motion for summary judgment alleging that all claims against it must be dismissed as a matter of law.

### II. Discussion

#### A. Summary Judgment Standard

A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir.1986); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir.1983).

#### B. Conflicts of Law Analysis

The instant motion presents for adjudication to the court primarily a legal question— whether the law of New York or New Jersey is applicable on the issue of an automobile owner's liability for the negligence of another operating the vehicle. Defendant Barco contends that New Jersey law applies to the present matter. Consequently, Barco argues that Plaintiff's claims against it must be dismissed as a matter of law because New Jersey common law provides that the owner of an automobile bears no liability for a driver's negligence unless the driver is acting as the owner's agent or employee. Arguing that no agency or employment relationship exists between Barco and either Baker or Royston Jeffrey, Barco contends that all claims against it must be dismissed. Plain-

---

1. Defendant Crumley is a Tennessee resident who was operating a tractor trailer owned by S & S Trucking, Inc., a Tennessee corporation also named as a defendant in this matter. No further references will be made to defendants Crumley and S & S Trucking because the motion presently before the court does not affect these defendants.

tiff, on the other hand, argues that the court must apply New York law to the present matter which holds vehicle owners liable for the negligence of others operating the vehicle with permission of the owner. Thus, Plaintiff contends that Barco's motion for summary judgment should be denied.

It is undisputed that in a diversity case, a federal court must apply the choice of law rules of the forum state. *See White v. Smith,* 398 F.Supp. 130, 133 (D.N.J.1975) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). This court will therefore apply New Jersey choice of law rules to determine whether New York or New Jersey law governs the issue of an automobile owner's liability.

New Jersey follows the governmental interest analysis approach in making choice of law determinations. *Veazey v. Doremus,* 103 N.J. 244, 247, 510 A.2d 1187 (1986); *Haggerty v. Cedeno,* 279 N.J.Super. 607, 611, 653 A.2d 1166 (1995); *White,* 398 F.Supp. at 133. In *Veazey v. Doremus,* the Supreme Court of New Jersey explained the analysis entailed by a governmental interests approach:

> Under that analysis, the determinative law is that of the state with the greatest interest in governing the particular issue. The first step in the analysis is to determine whether a conflict exists between the law of the interested states. Any such conflict is to be determined on an issue-by-issue basis. If an actual conflict exists, the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties. If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply. Consequently, the qualitative, not quantitative, nature of a state's contacts ultimately determines whether its law should apply.

*Veazey,* 103 N.J. at 248, 510 A.2d 1187 (citations omitted); *see Haggerty,* 279 N.J.Super. at 611, 653 A.2d 1166.

As an initial step, this court must identify whether a conflict exists between the laws of New Jersey and New York on the issue of an automobile owner's liability for the negligence of another driving his car. The conflict between New Jersey and New York law on this issue has been noted by many courts. *See, e.g., Haggerty v. Cedeno,* 267 N.J.Super. 114, 630 A.2d 848 (Law Div. 1993), *aff'd,* 279 N.J.Super. 607, 653 A.2d 1166 (App.Div.1995) (and cases cited therein); *White,* 398 F.Supp. 130 (and cases cited therein). New Jersey common law provides that the owner of an automobile is not liable for the negligence of another operating the vehicle in the absence of an agency or employment relationship between owner and driver. *Haggerty,* 279 N.J.Super. at 609, 653 A.2d 1166; *White,* 398 F.Supp. at 135. New York follows a completely different rule imposed by statute which provides:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for the death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

*Haggerty,* 279 N.J.Super. at 609, 653 A.2d 1166 (citing N.Y.Vehicle and Traffic Law § 388 (McKinney 1986)) (hereafter "§ 388"). The conflict between the law of these two states requires this court to consider the policies underlying the law of each state and how such policies are affected by each state's contacts to the litigation and the parties.

In *Haggerty v. Cedeno,* 267 N.J.Super. 114, 630 A.2d 848 (Law Div.1993), the Superior Court of Union County addressed an issue significantly similar to the one before this court. The decision in *Haggerty* was affirmed by the Appellate Division of the Superior Court. *Haggerty,* 279 N.J.Super. 607, 653 A.2d 1166 (App.Div.1995). This court finds the analysis of the *Haggerty* Court comprehensive, well-reasoned, and instructive to the resolution of the present matter. In *Haggerty,* plaintiff, a New Jersey resident, was injured when struck by a vehicle leased by defendant rental company in

Newark, New Jersey, to defendant driver, a resident of Florida. The accident occurred in the state of New Jersey. Although the vehicle was rented in New Jersey, the rental company had its principal place of business in New York and the car was registered and insured in New York.

The *Haggerty* Court identified the two main policies supporting the New York legislature's passage of § 388: (1) to protect innocent victims of automobile accidents by ensuring that they have a financially responsible source from which to recover damages, and (2) to discourage automobile owners from lending their vehicles to incompetent or irresponsible drivers. *Haggerty*, 279 N.J.Super. at 609, 653 A.2d 1166 (citing *Fried v. Seippel*, 80 N.Y.2d 32, 587 N.Y.S.2d 247, 249–51, 599 N.E.2d 651, 653–54 (1992); Report of New York Law Revision Commission at 593 (1958)); *see White*, 398 F.Supp. at 136. Courts interpreting § 388 have determined that New York intended to regulate "the conduct of its resident car owners regardless of whom their tortious conduct victimizes." *Haggerty*, 279 N.J.Super. at 610, 653 A.2d 1166 (citing *Vasquez v. Christian Herald Ass'n Inc.*, 186 A.D.2d 467, 588 N.Y.S.2d 291, 292 (1992) (holding § 388 applicable to Ohio resident injured by New York resident in Pennsylvania); *Klippel v. U–Haul Co. of Northeastern Michigan*, 759 F.2d 1176, 1180 (4th Cir.1985) (Under § 388, "the innocent victim class" is not limited to New Yorkers, but there must be a connection between the vehicle and its owner on the one hand and the state of New York)). "The legislative history of section 388 . . . indicates that the Legislature intended to enlarge the vehicle owner's vicarious liability and not to draw the line at the border." *Sentry Ins. Co. v. Amsel*, 36 N.Y.2d 291, 367 N.Y.S.2d 480, 483, 327 N.E.2d 635, 636 (1975). Thus, the trial court in *Haggerty* concluded that "New York's public policy that owners of vehicles must bear financial responsibility is extremely strong and specifically intended to cover auto accidents regardless of where they occur." *Haggerty*, 267 N.J.Super at 124, 630 A.2d 848.

The court then went on to discuss the purpose behind New Jersey's common law rule on the issue of vehicle owner liability. This rule was intended neither to protect an injured New Jersey resident, nor to protect the driver. *Haggerty*, 279 N.J.Super. at 611, 653 A.2d 1166. Instead, the rule was "designed to shield an owner from liability in cases in which the owner has not been negligent and in which the culpable driver is not related to the owner in a way that will justify the imposition of vicarious liability under traditional principles of the law of agency or master servant." *Id.* at 612, 653 A.2d 1166. However, as the court noted, "New Jersey's interest in adhering to fault-based owner's liability is substantially diluted where, as in the present case, the owner is not a New Jersey resident, has its principal place of business in New York, the vehicle is registered in New York, and New York has determined that its vehicle owners shall be liable for the negligence of persons operating their automobiles." *Id.*

Upon comparison of the contacts that New York and New Jersey have to the vehicle and its owner, the *Haggerty* Court determined that New York's interest in regulating the conduct of vehicle owners who register their cars in New York outweighs New Jersey's interest arising from it being the situs of the collision. *Id.* The court explained that New Jersey's contact with the vehicle and its owner was purely fortuitous, and, as a result, New Jersey has only a minuscule interest in applying the protection of its rule to a vehicle owner who is a resident of New York and who registered its car in New York. *Id.* In contrast, New York's interest in applying its laws is substantially greater because "[a]n owner registering a vehicle in New York is on notice regarding its liability exposure for the torts of persons who are permitted to operate the vehicle and is [statutorily] required to insure the vehicle consonant with that exposure." *Id.; see also White*, 398 F.Supp. at 141 (an owner registering a vehicle in New York has a statutorily-imposed duty to carry insurance coverage for the vehicle). The *Haggerty* Court thus concluded that New Jersey's contacts with the vehicle and its owner were at best tenuous, and that New York, being the vehicle's home state, "occupies a unique and critical position for the regulation of the owner's legal obli-

gations arising out of the ownership and use of the vehicle." *Haggerty,* 279 N.J.Super. at 612, 653 A.2d 1166.

The matter currently before the court presents facts analogous to those presented in *Haggerty.* Defendant Barco, an automobile leasing corporation, has its principal place of business in New York state. *See* Certification of Helen Connors, ¶ 1. Additionally, the vehicle in question is registered in New York. The lease agreement pursuant to which defendant Barco leased the vehicle to defendant Royston Jeffrey was entered into in New York. Furthermore, Royston Jeffrey as well as Ivor Baker, the driver of the vehicle, are residents of New York. Thus, both owners of the vehicle[2] as well as the driver are residents of New York state.

The only contacts that the state of New Jersey has to the present matter are as follows: (1) New Jersey is the situs where the accident occurred; and (2) the Plaintiff is a resident of New Jersey. The fact that the accident occurred in New Jersey is purely fortuitous and supplies little, if any, justification for applying New Jersey's common law rule to defendant Barco, a resident of New York. Consequently, New Jersey's sole interest with regard to this case is in providing appropriate compensation to its injured resident. In the instant matter, the Plaintiff would lose her ability to recover against defendant Barco if the court applied New Jersey law. Thus, New Jersey's interest in compensating its injured residents can only be met by applying the law of New York. Although a choice of law decision cannot be reached on the basis of which state's law will prove to be most financially beneficial to a plaintiff, the court merely notes that applying New Jersey law to this matter will not further New Jersey's policy interest of compensating its injured residents. Furthermore, as explained by the *Haggerty* Court, New Jersey's interest in applying its vehicle owner liability rule is "substantially diluted" where, as in the instant matter, the vehicle owners are not New Jersey residents, where one owner has its principal place of business

in New York while the other owner resides in New York, where the vehicle is registered in New York, and where New York has statutorily imposed a policy that its vehicle owners shall be liable for the negligence of others driving their vehicles. *Haggerty,* 279 N.J.Super. at 612, 653 A.2d 1166.

New York's contacts to the present matter are much more significant. New York is the state where the vehicle is registered, where the lease agreement between Barco and Royston Jeffrey was entered into, and where the relevant defendants reside and do business. As such, New York's contacts are not only more significant than those of New Jersey, but also directly and substantially related to New York's policy underlying § 388. New York has a strong interest in regulating the conduct of vehicle owners who reside in New York and who register their vehicles in New York. An owner registering a vehicle in New York, is on notice that he is liable for the negligent operation of his vehicle by another he has permitted to use the vehicle. *Id.* Thus, the owner is aware that he has a statutorily imposed duty to insure the vehicle to cover such potential liability. *Id.; White,* 398 F.Supp. at 141. Consequently, while application of New Jersey law to the issue of owner liability will not further any interest of the state of New Jersey, application of New York law to this situation will substantially further New York's strong policy of holding owners of vehicles registered in New York financially responsible for the torts of those permitted to use their vehicles. The court thus concludes that New York law must be used to assess defendant Barco's liability in this matter.

Two other cases, one state and one federal, reached a conclusion similar to the one attained by this court under sufficiently analogous facts. In *Van Dyke v. Bolves,* 107 N.J.Super. 338, 258 A.2d 372 (App.Div.1969), a New Jersey resident's automobile was struck in New Jersey by a New York driver operating a vehicle registered in New York to his employer, also a New York resident.

**2.** In *White v. Smith,* Judge Gerry determined that a registered owner of the vehicle as well as a lessee are owners of the vehicle and are subject to liability under § 388. *White,* 398 F.Supp. at 143. Consequently, both Barco and Royston Jeffrey are "owners" of the vehicle in question for purposes of § 388 liability.

The court held that the employer's liability as vehicle owner and the question as to whether the driver had the employer's permission to operate the vehicle would be governed by New York law. The court rationalized that it was purely fortuitous that New Jersey served as the situs of the accident while New York had a paramount interest in regulating the liability of its vehicle owners and the relationship between its employers and employees. *See Van Dyke,* 107 N.J.Super. at 344–45, 258 A.2d 372.

In *White v. Smith,* 398 F.Supp. 130 (D.N.J. 1975), the defendant driver, a Michigan resident, rented a car from defendant car rental agency, incorporated in Delaware and doing business in New York. The car was licensed and registered in New York by its title owner, defendant leasing corporation, which entered into a long term lease with the car rental agency. The leasing corporation was a Delaware corporation doing business in New York. While operating the car in New Jersey, the defendant driver collided with another vehicle being driven by plaintiffs, Pennsylvania residents. The court was faced with the question of whether to apply the law of New Jersey, Pennsylvania or New York on the issue of vehicle owner liability. Considering that the car involved in the accident was registered in New York and that the lease agreement, as well as the rental agreement, were entered into in New York, the court concluded that New Jersey and Pennsylvania have absolutely no interest in applying their vehicle owner liability laws to the defendants in the case. *White,* 398 F.Supp. at 141. The court ruled that, New York was "the only state with any interest in the outcome of the liability issue." *Id.* at 141–42.

The cases discussed, as well as the circumstances presented by the instant case, lead the court to conclude that New York law must govern the determination of vehicle owner liability in this matter. The state of New Jersey has little or no interest in applying its common law rule on vehicle owner liability to vehicle owners who are not New Jersey residents and whose vehicles are not registered in New Jersey.[3] On the other hand, the quality of New York's contacts with the vehicle and its owners, and New York's comprehensive policy and strong interest in regulating the conduct of its resident vehicle owners make New York the only state with a compelling interest in the outcome of the issue regarding defendant Barco's liability. Consequently, the law of New York, specifically § 388 of New York Vehicle and Traffic Law, provides the standard against which the liability of defendant Barco must be measured. Because New York law does not condition the liability of a vehicle owner on the existence of an agency or employment relationship between the owner and the negligent driver, the court need not address factual arguments presented by the parties regarding the existence of any such relationship. Defendant Barco's present motion for summary judgment, alleging that all claims against it must be dismissed as a matter of law, will be denied.

## III. Conclusion

For the reasons set forth above, defendant Barco's motion for summary judgment is denied. An appropriate order will be entered.

---

**3.** Defendant Barco, in its reply brief, argues that Plaintiff's residence in the state of New Jersey makes her the intended beneficiary of New Jersey laws and that Plaintiff should not be permitted to renounce those laws in favor of applying New York law. Reply Brief, at 5. However, the contacts with which the court is concerned in the present choice of law analysis are the contacts that each state has with the defendant owner and its vehicle. Because all the relevant defendants—defendants Barco, Royston Jeffrey and Ivor Baker—are residents of the state of New York, because the lease agreement was entered into in New York, and because the vehicle in question is registered in New York, New York bears the most significant contacts to this matter

with regard to the issue of vehicle owner liability. New Jersey's contacts to the accident—New Jersey being the location of the accident and the fact that Plaintiff is a New Jersey resident—"are not related to the policies underlying its law." *Veazey,* 103 N.J. at 248, 510 A.2d 1187. New Jersey's law on vehicle owner liability does not protect an injured party, but is designed to protect the owner of the vehicle. *Haggerty,* 279 N.J.Super. at 611, 653 A.2d 1166. Where the vehicle owner is not a New Jersey resident, and where the owner does not own a vehicle registered in the state of New Jersey, New Jersey has no interest in applying its law. The court therefore finds defendant Barco's argument unconvincing.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter having come before the court on the motion of defendant Barco Auto Leasing Corp. for summary judgment;

The court having considered the submissions of the parties;  and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 10th day of May, 1995 hereby

ORDERED that the motion of defendant Barco Auto Leasing Corp. for summary judgment is **DENIED.**

No costs.