707 A.2d 473

LI FU AND XIAO KANG SU, WIFE AND HUSBAND, PLAINTIFFS-RESPONDENTS, AND DANIEL SU, AN INFANT BY HIS PARENTS AND NATURAL GUARDIANS, LI FU AND XIAO KANG SU, AND LI FU AND XIAO KANG SU, INDIVIDUALLY AND KUIDE CHEN AND MICHELLE CHEN, AN INFANT BY HER FATHER AND NATURAL GUARDIAN, KUIDE CHEN AND KUIDE CHEN, INDIVIDUALLY, PLAINTIFFS, v. HONG FU, DEFENDANT–RESPONDENT,FREEDOM RIVER, INC. D/B/A BUDGET RENT–A–CAR OF PHILADELPHIA, ITS AGENTS, SERVANTS AND/OR EMPLOYEES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 19, 1998—Decided March 31, 1998.

Before Judges BAIME, WEFING and BRAITHWAITE.

*John M. Palm* argued the cause for appellant (*Garrigle, Palm and Thomasson,* attorneys; *Mr. Palm,* of counsel; *Eleanore A. Rogalski,* on the brief).

*Benjamin N. Cittadino* argued the cause for respondents Li Fu and Xiao Kang Su (*Devlin, Cittadino & Shaw,* attorneys; *John G. Devlin,* on the brief).

*Robert G. Englehard* argued the cause for respondent Hong Fu (*Gebhardt & Kiefer,* attorneys; *Mr. Englehard,* on the brief)

The opinion of the court was delivered by

WEFING, J.A.D.

This case requires a determination of which law governs the relationships between these parties, the law of New Jersey or the law of New York. The trial court concluded that New York law applies. Because we are satisfied that the trial court erred when

it reached this conclusion, we reverse and remand for further proceedings.

On July 18, 1993, Xiao Su and Kuide Chen rented a car in Lawrenceville, New Jersey from defendant Freedom River, Inc. (Freedom River). Mr. Su and Mr. Chen intended to use the car to take their families to visit Cornell University in Ithaca, New York and then go on further, apparently as far as Wisconsin. The contract called for the car to be returned to Lawrenceville on July 27, 1993.

There were six in the group: Mr. Su and his wife, Li Fu, and their child Daniel Su and Mr. Chen and his wife, defendant Hong Fu, and their child, Michelle Chen. All are residents of New Jersey. The rental contract identified Mr. Su and Mr. Chen as the individuals who would drive the vehicle. Mr. Su testified at depositions that the two men were assured when they rented the car that their wives could drive it as well.

Freedom River, the lessor, is a franchisee of Budget Rent–A–Car. Freedom River, however, does business in only two locations, Philadelphia, Pennsylvania and Lawrenceville, New Jersey. The car which Mr. Su and Mr. Chen rented was registered in Pennsylvania.

On July 19, 1993, while the group was passing through Hamburg, New York, with Hong Fu at the wheel, they were involved in a one-car accident. The five passengers were injured and all presented claims for damages against Hong Fu and against Freedom River.

Both Mr. Su and Mr. Chen had insurance coverage through their own personal vehicles. The amount available, however, was insufficient to provide for all the injured claimants, particularly for Li Fu, the most seriously injured of the passengers. We are informed that she spent thirty days in intensive care following the accident and that her medical expenses approach $400,000. We are further informed that the claims of the other passengers have all been settled; only Li Fu's claim remains outstanding.

■ Freedom River moved for summary judgment. It maintained that the matter was controlled by New Jersey law, under which the owner of a motor vehicle is not liable for the negligence of the vehicle's operator unless the operator is acting as the owner's agent or employee. *Harvey v. Craw,* 110 *N.J.Super.* 68, 264 *A.*2d 448 (App.Div.), *certif. denied,* 56 *N.J.* 479, 267 *A.*2d 61 (1970). Our courts have long applied this principle to rental vehicles. *Schimek v. Gibb Truck Rental Agency,* 69 *N.J.Super.* 590, 174 *A.*2d 641 (App.Div.1961).

■ Plaintiffs opposed this motion. They contended that the matter was controlled by the law of New York, which is to the contrary. New York, by statute, imposes liability upon a vehicle's owner for the negligence of the vehicle's operator.

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner.
>
> [New York Vehicle and Traffic Law § 388(1) (McKinney 1996).]

The trial court granted Freedom River's motion, concluding that all of the significant relationships in this case were with New Jersey and that it was a "happenstance" that the accident occurred in New York.

Plaintiffs then filed a timely motion for reconsideration. After extensive oral argument, the trial court granted plaintiffs' motion, vacated the summary judgment previously granted Freedom River, ordered that the matter proceed in accordance with New York law and certified the judgment as final, thus allowing Freedom River to appeal as of right.

■ Before proceeding to the merits of the appeal, we are constrained to comment on the improper use of the procedure afforded under *R.* 4:42–2 to certify a judgment as final. The scope of *R.* 4:42–2 is defined by its own terms. Its introductory clause restricts the scope of this rule to orders which "would be subject to process to enforce a judgment pursuant to *R.* 4:59 ...." The

order at issue here would never "be subject to process to enforce a judgment" and the trial court should not have certified this order as final.

If Freedom River wished, at that juncture, to obtain appellate review of the trial court's order, it should have been relegated to filing a motion for interlocutory review under *R.* 2:5–6. Since the matter has been fully briefed and argued, however, we choose not to dismiss this appeal, but rather grant leave to appeal, *nunc pro tunc.*

█ Turning to the merits, we commence our analysis by noting certain fundamental principles. In tort actions which present choice–of–law issues, New Jersey has rejected reliance on the place where the wrong occurred (*lex loci delicti*) as a basis to determine which law should apply; rather, "we have adopted the more flexible governmental–interest analysis in choice–of–law decisions .... [under which t]he determinative law is that of the state with the greatest interest in governing the particular issue." *Veazey v. Doremus,* 103 *N.J.* 244, 247–48, 510 *A.*2d 1187 (1986).

In *Veazey,* the Court set forth the steps that must be followed in a choice-of-law analysis, the first of which is to determine whether there is indeed a conflict between the law of the interested states. *Veazey, supra,* 103 *N.J.* at 248, 510 *A.*2d 1187. There is no doubt that a conflict exists between the statutory law of New York and the common law of New Jersey on this particular issue. (We note, for the sake of completeness, that the law of Pennsylvania, the state in which this vehicle was registered, is similar to that of New Jersey on the issue of the liability of a vehicle's owner for the negligence of the operator.)

█ Once a conflict has been identified:

the next step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties.... If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply.... Consequently, the qualitative, not the quantitative, nature of a state's contacts ultimately determines whether its law should apply.

[*Veazey, supra,* 103 *N.J.* at 248, 510 *A.*2d 1187 (citations omitted).]

It is, of course, irrelevant for purposes of choice-of-law analysis, that the law of one jurisdiction may afford a greater recovery than that of another jurisdiction. *Haggerty v. Cedeno,* 279 *N.J.Super.* 607, 612, 653 *A.*2d 1166 (App.Div.), *certif. denied,* 141 *N.J.* 98, 660 *A.*2d 1197 (1995).

This court has recently had occasion, in the context of deciding whether to apply § 388 of the New York Vehicle and Traffic Act, to identify the governmental policy that underlies our common law position that the owner of a vehicle is not liable for the operator's negligence in the absence of an agency or employment relationship.

> New Jersey's common law rule regarding owner liability is not designed to protect the injured party … or to protect the driver. It is designed to shield an owner from liability in cases in which the owner has not been negligent and in which the culpable driver is not related to the owner in a way that will justify the imposition of vicarious liability.… That shield is consistent with the principle that tort liability in the context of automobile-related personal injuries is based on fault.
>
> [*Haggerty v. Cedeno, supra,* 279 *N.J.Super.* at 611–612, 653 *A.*2d 1166.]

New Jersey's policy is thus to decline to impose liability in the absence of fault on the part of the owner or in the absence of a special relationship which would justify imparting the fault of the negligent driver to the non-culpable owner.

New York's policy, on the other hand, is two-fold: it is designed to protect those injured in automobile accidents and to " 'discourage owners from lending their vehicles to incompetent or irresponsible drivers' ". *Haggerty v. Cedeno, supra,* 279 *N.J.Super.* at 609, 653 *A.*2d 1166 (quoting *Report of the New York Law Revision Commission* at 593 (1958)). *See Greenfeder v. Jarvis,* 302 *N.J.Super.* 153, 161, 694 *A.*2d 1072 (App.Div.1997) ("The policy of the Connecticut statute is to act as an incentive to lessors of motor vehicles to lease only to competent individuals in order to further the state's goal of safety upon its highways through its police power"). While the goal of § 388 may be safer highways, § 388 does not purport to regulate the conduct of the operator on the road; rather, it enunciates rules for distribution of loss. *Buglioli*

*v. Enterprise Rent–A–Car,* 811 *F.Supp.* 105, 108 (E.D.N.Y.), *aff'd,* 999 *F.*2d 536 (2nd Cir.1993).

New York's contact with this matter is only that the accident which gave rise to the claims occurred within its borders. We are satisfied that that contact is, by itself, insufficient to warrant selection of § 388 as the governing law, for courts have recognized that to invoke § 388 "there must be a connection between the vehicle and its owner on the one hand and the state of New York [on the other]." *Klippel v. U–Haul Co. of Northeastern Michigan,* 759 *F.*2d 1176, 1180 (4th Cir.1985) (New York residents were not entitled to invoke § 388 after an accident in South Carolina involving Michigan vehicle rented in Florida). New York courts have also required such a linkage. *Coleman v. Alamo Rent–A–Car, Inc.,* 660 *N.Y.S.*2d 733 (1997) (Lessor of vehicle rented in North Carolina not liable under § 388 to New York residents injured in accident in Virginia).

*Haggerty v. Cedeno, supra,* provides an example of the required connection between the vehicle and its owner and the state of New York. In that case, we affirmed a trial court's decision that § 388 did apply in the context of a suit by a New Jersey resident for injuries received when she was struck in Elizabeth, New Jersey by a vehicle rented in New Jersey. The vehicle, however, was registered in New York and the owner's principal place of business was in New York. Here, there is absolutely no connection between the vehicle that Mr. Su and Mr. Chen rented and New York, other than that it happened to be passing through the state. Nor is there a connection between New York and Freedom River, the owner of the vehicle.

New York has no interest in the application of § 388 to this matter, which does not involve New York residents, New York vehicles, New York owners or a New York rental agreement. Nor does the statute implicate a standard of care for drivers using New York roadways. We are satisfied that New Jersey's contacts with this matter, both in quality and in quantity, outweigh New

York's and that, in consequence, the matter is governed by New Jersey's common law.

Reversed and remanded for further proceedings.