■ TERI GOTTLIEB et al., Respondents, v JERRY B. STERN, Defendant, and PARAMUS AUTO MALL, INC., et al., Appellants. [852 NYS2d 146]—

In an action to recover damages for personal injuries, etc., the defendants Paramus Auto Mall, Inc., and Paramus Auto Mall Chevy Geo appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated June 19, 2007, as denied that branch of their motion which was for summary judgment dismissing the cause of action sounding in negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties do not dispute the Supreme Court's conclusion that New Jersey law applies to the instant litigation, which arises out of an accident that occurred in New Jersey when the vehicle operated by the plaintiff Teri Gottlieb was struck head on by the vehicle operated by the defendant Jerry B. Stern and owned by the defendants Paramus Auto Mall, Inc., and Paramus Auto Mall Chevy Geo (hereinafter collectively Paramus Auto). Under applicable New Jersey common law regarding vicarious liability (*see Carter v Reynolds,* 175 NJ 402, 407-408, 815 A2d 460, 463 [2003]; *Li Fu v Hong Fu,* 160 NJ 108, 117-118, 733 A2d 1133, 1138 [1999]; *Haggerty v Cedeno,* 279 NJ Super 607, 608-609, 653 A2d 1166, 1167 [1995]), the Supreme Court properly determined that in opposition to Paramus Auto's establishment, prima facie, of its entitlement to judgment as a matter of law, the plaintiff raised a question of fact as to whether Paramus Auto was liable under the so-called "dual purpose" rule. This rule provides that an employer may be held vicariously liable for the tortious conduct of its employee when the employee was acting to advance both his own personal interests and those of his employer (*see Gilborges v Wallace,* 78 NJ 342, 350-352, 396 A2d 338, 342 [1978]; *see also Pfender v Torres,* 336 NJ Super 379, 393-394, 765 A2d 208, 217 [2001]).

Here, Stern was operating a demonstrator vehicle provided to him by Paramus Auto as part of his employment and pursuant

to an employee demonstrator agreement he executed with Paramus Auto (hereinafter the demo agreement). The demo agreement provided in pertinent part that Paramus Auto was providing the vehicle to Stern "as a selling tool for the benefit of [Paramus Auto]" in order to further Paramus Auto's marketing efforts throughout the region. Toward that effort, Paramus Auto, among other things, placed signs on the front and back of the vehicle with its name, required Stern to maintain the vehicle's appearance, and authorized him to use the vehicle during his "reasonable off hours" and within Paramus Auto's marketing region. Although at the time of the accident Stern was using the vehicle for personal use and not commuting to or from Paramus Auto, it is undisputed that he was operating the vehicle within Paramus Auto's marketing region during his day off. Under the circumstances, a question of fact exists as to whether Stern was engaged in a dual purpose sufficient to render Paramus Auto liable under New Jersey law or whether Stern, by allegedly driving the vehicle while intoxicated, transgressed the agency relationship (*see Harvey v Craw,* 110 NJ Super 68, 72-74, 264 A2d 448, 451 [1970]). Accordingly, the Supreme Court properly denied that branch of Paramus Auto's summary judgment motion which was to dismiss the plaintiff's negligence cause of action insofar as asserted against it.

Paramus Auto's remaining contentions are without merit. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur. [*See* 16 Misc 3d 1107(A), 2007 NY Slip Op 51331(U).]