Willie Mae GRAY, Plaintiff–Appellant,

v.

BUSCH ENTERTAINMENT CORPORATION, d/b/a Busch Gardens, The Old Country, Defendant–Appellee.

No. 138, Docket 89–7378.

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1989.

Decided Sept. 15, 1989.

Anthony J. Servino, Abbatine, Servino & Seymour, Hartsdale, N.Y., for plaintiff-appellant.

Lawrence A. Hoffman, New York City (Linda S. Charet, Steven P. Rosini, Townley & Updike, New York, New York City, of counsel), for defendant-appellee.

Before WINTER, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

On August 23, 1986, appellant Willie Mae Gray and her daughters visited Busch Gardens, an amusement park in Williamsburg, Virginia. After boarding a small train, Mrs. Gray fell off and injured herself. Busch Gardens employees dispatched a first aid team to the site and called an ambulance. Her daughter Ruth went with Mrs. Gray in the ambulance, while her other daughter, Esther, went with a park nurse to the park first aid station to complete some forms.

Following the incident, Mrs. Gray commenced this diversity action for damages as a result of her injuries. At trial, her version of the incident was that she had slipped on "something" before taking her seat. The defense's theory was that Mrs. Gray had stood up to take a photograph and had stepped backwards off the train. In support, the defense offered eye-witness testimony and an admission by Mrs. Gray. The defense also sought to introduce a first aid report written by the park nurse that reported Esther's description of the accident as occurring when Mrs. Gray stood up to take a photograph and stepped backwards. The district judge admitted this report over objection.

The jury found that the plaintiff's negligence was the proximate cause of her injuries. Plaintiff appeals, arguing that the district judge made three errors of law.

■ First, appellant claims that it was error to apply Virginia law, under which contributory negligence is a defense, rather than New York law, which employs comparative negligence analysis. We disagree. The choice of Virginia law was entirely appropriate under the "interest analysis" approach of New York choice-of-law rules. Under that analysis, when the domiciles of the parties differ, the location of the injury determines the governing substantive law absent special circumstances. *See Bader by Bader v. Purdom,* 841 F.2d 38, 40 (2d Cir.1988). Appellant has not demonstrated any special circumstances that warrant departure from this rule. Nor has she, in invoking the public policy doctrine, met the "heavy burden" imposed on a party wishing to avoid such a choice of law. *See id.* (quoting *Schultz v. Boy Scouts of America, Inc.,* 65 N.Y.2d 189, 202, 480 N.E.2d 679, 688, 491 N.Y.S.2d 90, 99 (1985)).

■ Second, appellant claims that the judge's exclusion of evidence about the lack of a caution strip as irrelevant was error. We disagree. Appellant's theory was that she had slipped on something, not that she had misjudged the location of the edge of the step. The absence of a yellow caution strip on the edge of the step thus could not have caused appellant's fall. Her contention that such a strip would have highlighted the presence of debris fails in view of the lack of any evidence regarding the nature, location or color of that debris.

■ Third, appellant claims that admission of the first aid report was error because its account of Esther's statements was hearsay. The first aid report appears to have been admitted as a business record under Fed.R.Evid. 803(6). Esther, however, in talking with the nurse, was not acting in the regular course of business, and the record of her statement was thus inadmissible unless it fell within some exception to the hearsay rule. *See* Fed.R. Evid. 805. As the Advisory Committee's Note explicitly states,

Sources of information presented no substantial problem with ordinary business records. All participants, including the observer or participant furnishing the information to be recorded, were acting routinely, under a duty of accuracy, with employer reliance on the result, or in short "in the regular course of business." If, however, the supplier of the information does not act in the regular

course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. Advisory Committee's Note on Proposed Fed.R.Evid. 803, 56 F.R.D. 303, 308–09 (1973). The business record rule thus does not provide a basis for admitting Esther's statement.

■■■ Because Esther had previously testified that she made no statement whatsoever concerning the accident, however, the challenged portion of the report was admissible as a prior inconsistent statement. Fed.R.Evid. 613(b). Where a witness denies making any prior statement about relevant events, the adversary may dispense with laying a preliminary foundation for impeachment by a prior inconsistent statement. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 613[04] at 613–22 to –23 (1988). The report was thus admissible but only with a limiting instruction that it served to impeach Esther's testimony and was not admitted for the truth of the matter asserted. No such instruction was given. We believe that the wholesale objection made at trial did not preserve this point, however.

After plaintiff's trial counsel conducted a voir dire concerning the first aid report, he stated that he objected to its admission and offered to give reasons. The district judge immediately overruled the objection without allowing the statement of reasons. Although the transcript of the voir dire indicates that the objection would in all probability have been based solely on a challenge to the authenticity of the document, the failure to allow a statement of reasons probably preserves the hearsay objection. That objection, however, was to its admission on any grounds, not a request for a limiting instruction. The failure to request a limiting instruction, we believe, waived any claim short of outright inadmissibility.

Affirmed.