Yolanda CONNAUGHTON and Alfred Connaughton, Plaintiffs,

v.

The NATIONAL RAILROAD PASSEN-GER CORPORATION, d/b/a Amtrak, Defendant.

No. 89–CV–3187 (JRB).

United States District Court, E.D. New York.

Sept. 16, 1992.

Dansker & Aspromonte Associates, New York City (Paul D. Dansker, of counsel) for plaintiffs.

Siff, Rosen & Parker, P.C., New York City (Thomas G. Merrill, of counsel) for defendant.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

### I. *Background*

This diversity action for personal injuries was originally filed in New York State Supreme Court and removed pursuant to 28 U.S.C. § 1441. The plaintiffs Yolanda and Alfred Connaughton were citizens of New York at the time the action was filed. The defendant National Railroad Passenger Corporation ("Amtrak"), which is a federal corporation established pursuant to 45 U.S.C. § 501 *et. seq.*, is subject to the provisions of the District of Columbia Business Corporation Act and maintains its principal place of business in the District of Columbia. *See* 45 U.S.C. § 541.

On February 7, 1989, the Connaughtons were passengers on an Amtrak train travelling from Orlando, Florida to Alexandria, Virginia. They planned to visit family and pick up their automobile once they arrived. While disembarking from the train at the Alexandria station, Yolanda Connaughton fell and tore a tendon which required surgery. She allegedly suffered a stroke during the operation and seeks recovery from Amtrak for these injuries.

The question presented is whether New York's comparative negligence rule or Virginia's contributory negligence defense applies to the lawsuit. This choice of law problem involves opposing parties who are domiciliaries of different states (New York and the District of Columbia, respectively) and an accident which occurred in a third state (Virginia). The Connaughtons argue that the New York rule should govern under these circumstances while Amtrak presses that the Virginia defense should apply.

**2**

## II. *Discussion*

The Court must look to the choice of law rules of its forum state in diversity actions. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). New York applies "interest analysis" to tort choice of law problems. *Arochem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir.1992). Under the choice of law scenario involving domiciliaries of different states with an accident occurring in a third state,

> ... the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants. *Neumeier v. Kuehner*, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 70, 286 N.E.2d 454, 460 (1972).

In *Gray v. Busch Entertainment Corp.*, 886 F.2d 14 (2d Cir.1989) (*per curiam*), the Second Circuit applied interest analysis to a set of facts extremely similar to the case at bar. *Gray* involved a New York appellant who suffered injuries at a Virginia amusement park owned by an appellee most likely domiciled in Missouri.[1] *Id.* at 15. *Gray* held that the district court's decision to apply Virginia's contributory negligence defense was "entirely appropriate" because "when the domiciles of the parties differ, the location of the injury determines the governing substantive law absent special circumstances." *Id.*

The reasoning of *Gray* applies equally here. The domiciles of the Connaughtons and Amtrak differ. The accident occurred in a third state which the Connaughtons purposely visited in order to see family. Moreover, like the appellants in *Gray*, the Connaughtons have failed to meet the "heavy burden" of showing that application of the Virginia defense should be displaced for public interest or policy reasons. *Gray*, 886 F.2d at 16. Indeed, *Gray* determined that the potential bar to recovery provided under the Virginia defense is not a "special circumstance" warranting departure from the general tort choice of law principle of *lex loci delicti*. *Id.; see also Lund's Inc. v. Chemical Bank*, 870 F.2d 840, 845 (2d Cir.1989) ("*lex loci delicti* remains the general rule in tort cases to be displaced only in extraordinary circumstances," quoting *Cousins v. Instrument Flyers, Inc.*, 44 N.Y.2d 698, 405 N.Y.S.2d 441, 442, 376 N.E.2d 914, 915 (1978) (*per curiam*)).

Interest analysis also requires district courts to examine whether the conflicting jurisdictions' rules are loss-distributing or conduct regulating. *See e.g., Arochem Int'l*, 968 F.2d at 270–71. This loss-distributing/conduct regulating distinction was announced by the New York State Court of Appeals in *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985), and remains unclear. *See e.g., Calla v. Shulsky*, 148 A.D.2d 60, 543 N.Y.S.2d 666, 669 (1st Dept.1990). The Court concludes that *Gray*, which was decided four years after *Schultz*, inferentially holds that the loss-distributing/conduct regulating distinction does not require application of the New York rule.

In conclusion, *Gray* dictates that the *lex loci delicti* of Virginia must apply to the case at bar. The defendant's motion is hereby GRANTED.

SO ORDERED.

**1.** Amtrak submits a September 11, 1992 report, published by Dun & Bradstreet, Inc., which lists Missouri as Busch Entertainment Corp.'s state of incorporation. Def.'s Supp.Mem.Ex. A. Busch Entertainment Corp. is reported as a subsidiary of Anheuser–Busch Companies, Inc. *U.S. Textiles, Inc. v. Anheuser–Busch Companies,* 911 F.2d 1261, 1262 (7th Cir.1990). Anheuser–

Busch Companies, Inc., is reported as a Missouri corporation with St. Louis as its principal place of business. *Anheuser–Busch, Inc. v. Elsmere Music, Inc.,* 633 F.Supp. 487, 489 (S.D.N.Y.1986). Thus, while *Gray* did not specify Busch Entertainment Corp.'s domicile, it is highly likely that it is Missouri.