**Lena ARMSTEAD, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, Defendant.**

**No. 96 Civ. 2343(JSR).**

United States District Court, S.D. New York.

Feb. 25, 1997.

**2.** *See, e.g., Purcell v. Seguin State Bank and Trust Co.,* 999 F.2d 950, 961–62 (5th Cir.1993).

William Groner of Borwick, Feldman &
Groner, White Plains, NY, Leslie Abele of
Brand, Brand, Mintner & Burke, Yorktown
Heights, NY, for plaintiff.

Mark S. Landman of Landman, Corsi, Bal-
laine & Ford, New York City, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

■ This is a negligence action involving
contacts with three jurisdictions. Plaintiff, a
New York domiciliary, slipped and fell on ice
located on Virginia property owned by defen-
dant, a District of Columbia domiciliary.
The laws of these jurisdictions differ in their
treatment of negligence by the injured party.
Defendant asks the Court to apply Virginia's
all-or-nothing contributory negligence rule,
which bars any recovery to a negligent plain-
tiff, while plaintiff argues for New York's
comparative negligence rule, which appor-
tions percentages of relative fault among the
parties. Neither party advocates the appli-
cation of the law of the District of Columbia.

■ Federal courts must apply the
choice of law rules of the state in which they
sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*,
313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477
(1941). The applicable rules prescribed by
the New York Court of Appeals are set forth
in *Neumeier v. Kuehner*, 31 N.Y.2d 121, 335
N.Y.S.2d 64, 286 N.E.2d 454 (1972), and its
progeny. First, the court must determine if
the parties are domiciliaries of the same
state, and apply the law of that state if they
are. *See id.* at 128, 335 N.Y.S.2d 64, 286
N.E.2d 454. If, as here, they are not, the
court must next determine whether the al-
leged tort occurred in the domicile of one of
the parties, in which case the law of that
state would apply. *See id.* Finally, if, as
here, the tort did not occur in the domicile of
either party, the *"lex loci delicti"*—law of the
situs of the tort—"will normally apply, unless
displacing it [with another relevant jurisdic-
tion's law] 'will advance the relevant substan-
tive law purposes without impairing the

smooth working of the multi-state system or producing great uncertainty for litigants.'" *Schultz v. Boy Scouts of America Inc.*, 65 N.Y.2d 189, 201, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985) (quoting *Neumeier*, 31 N.Y.2d at 128, 335 N.Y.S.2d 64, 286 N.E.2d 454).

Application of this third test is illustrated in *Schultz*, where New Jersey domiciliaries alleged that they were injured in New York by a charitable organization domiciled in Ohio. Plaintiffs argued for the application of New York law, the *lex loci delicti*. Defendant sought to apply New Jersey law (which provides charitable groups with immunity to certain tort actions) on the ground that New Jersey had an interest in forcing plaintiffs, as domiciliaries, to accept the burdens as well as the benefits of its loss-distribution rules. The New York Court of Appeals held that this substantive law interest of New Jersey's outweighed the happenstance that the injury occurred in the State of New York, which had no substantive interest in the outcome; accordingly, New Jersey law applied.

In the case at hand, while defendant argues for application of the *lex loci delicti*, the Court must also consider the substantive law purposes of Virginia's contributory negligence law and New York's comparative negligence law. See *Murphy v. Acme Markets, Inc.*, 650 F.Supp. 51, 54 (E.D.N.Y.1986) (McLaughlin, J.). If the purpose of these laws relates to loss allocation, Virginia has no substantive law interest in enforcing its rule when two non-domiciliaries are involved. *Id.* at 54. On the other hand, New York has an obvious interest in enforcing its determination that its own domiciliary whose own negligence is only partially responsible for her injuries should not go uncompensated.[1] Indeed, the strong New York policy favoring partial compensation of its domiciliaries in such circumstances has led the New York Court of Appeals to decline to apply a Massachusetts statutory limit on damages for a wrongful death suit, *Kilberg v. Northeast Airlines Inc.*, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), a Connecticut law permitting a wife to sue her husband for

negligently inflicted injuries, *Mertz v. Mertz*, 271 N.Y. 466, 3 N.E.2d 597 (1936), and a British law upholding a contractual provision releasing a shipper from liability for its own negligence, *F.A. Straus & Co. v. Canadian Pac. Ry. Co.*, 254 N.Y. 407, 173 N.E. 564 (1930). Since, as Judge McLaughlin noted in *Murphy*, application of New York law in such circumstances will neither impair multi-state workings nor produce great uncertainty for litigants, the teachings of *Schultz* would seem to favor application of New York's comparative negligence law to this case. See *Murphy*, 650 F.Supp. at 54.

■ Defendant advances two main arguments against this result. First, it argues that Virginia's all-or-nothing contributory negligence rule is more than simply a rule of loss allocation and that, in addition, it serves to regulate the conduct of persons within Virginia's domain. See *Babcock v. Jackson*, 12 N.Y.2d 473, 483–84, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). The Court is not persuaded, however, that this interest is significantly more advanced by applying Virginia law rather than New York law to this case. Both contributory negligence and comparative negligence rules significantly encourage plaintiffs to exercise due care; the primary difference is in how loss will be allocated after the tort occurs. See *Murphy*, 650 F.Supp. at 53.

Defendant's other argument is that the Second Circuit's *per curiam* decision in *Gray v. Busch Entertainment Corp.*, 886 F.2d 14 (2d Cir.1989) (per curiam), mandates application of the *lex loci delicti* in these circumstances. In *Gray*, the Court applied the *lex loci delicti* to a New York domiciliary who was injured in Busch Gardens, Virginia. But while at least one court has speculated that the defendant (Busch Entertainment Corp. d/b/a/ Busch Gardens) was a domiciliary of Missouri, see *Connaughton v. National R.R. Passenger Corp.*, 809 F.Supp. 1, 2 n. 1 (E.D.N.Y.1992), nothing on the face of the opinion so indicates. Furthermore, the one paragraph in *Gray* addressing the choice-of-law issues simply holds that the appellant

---

1. This would also be true of District of Columbia law, but, as mentioned, neither party asks the

Court to apply the law of that jurisdiction.

has neither demonstrated "special circumstances" warranting departure from the normal rule of *lex loci delicti*, nor met the "heavy burden" necessary to invoke the "public policy" exception to the *Neumeier* rules, *see Schultz*, 65 N.Y.2d at 202, 491 N.Y.S.2d 90, 480 N.E.2d 679, a different issue than the one here presented.

Accordingly, New York law will be applied in the instant case. As the case has been reassigned to the Honorable Barbara S. Jones, U.S.D.J., effective March 1, 1997, the parties are directed to jointly contact Judge Jones to schedule a trial date.

SO ORDERED.