[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14043
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-61673-CV-CMA

DANNY BEZALEL,

Plaintiff-Appellee-
Cross-Appellant,

versus

INNOVATIVE OPERATORS, LLC,
MORDECHAI BOAZIZ,

Defendants-Appellants-
Cross-Appellees,

EDWARD C. CLOUGHERTY, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 18, 2009)

Before EDMONDSON, BLACK and SILER,* Circuit Judges.

_____

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

PER CURIAM:

We affirm the district court judgment in this case about the breach of an oral contract. Danny Bezalel sued Innovative Operators, LLC ("Innovative"), Edward Clougherty, and Mordechai Boaziz alleging that Defendants breached an oral agreement to pay Bezalel $300,000 for introducing Innovative to Boaziz, which introduction resulted in Boaziz's purchasing a piece of real estate ("the West Golf Parcel") from Innovative. The $300,000 was composed of a $100,000 fee for introducing Innovative and Boaziz ("the Origination Fee") and an additional $200,000 earned if Boaziz purchased the West Golf Parcel from Innovative ("the Additional Fee").

Defendants filed a motion for summary judgment. The motion was granted to all Plaintiff's claims against Clougherty but denied for the claims against Innovative and Boaziz. The case was tried to a jury. At trial, Innovative and Boaziz argued that no agreement had ever existed between them and Bezalel for payment of a fee. And they objected to admission of Exhibit 4, on the grounds that the document (an unexecuted written agreement that Innovative had faxed to Bezalel) was inadmissible hearsay. The district court overruled the objection and admitted Exhibit 4.

2

The jury determined Bezalel had entered into agreements with Innovative and Boaziz: agreements that required Innovative and Boaziz to pay Bezalel the Origination and the Additional Fees. The jury also found that Bezalel had introduced Innovative to Boaziz and that Boaziz had purchased the West Golf Parcel. Based on these jury findings, the district court entered judgment for Bezalel in the amount of $300,000.

Post-judgment, Innovative and Boaziz filed motions for judgment as a matter of law and for a new trial. Innovative and Boaziz argued that there was no evidence whatsoever that Boaziz purchased the West Golf Parcel and that, thus, they could not be liable to Bezalel for payment of the Additional Fee. Innovative and Boaziz also argued that Bezalel had failed to prove a meeting of the minds on the essential terms of the agreement and that, thus, they could not be liable to Bezalel for payment of the Origination Fee. In addition, Innovative and Boaziz moved for a new trial, pursuant to Federal Rule of Civil Procedure Rule 59, arguing that admission of Exhibit 4 (a copy of an unexecuted written agreement between Bezalel, Innovative, and Boaziz) was prejudicial error.

The district court granted the renewed motion for judgment as a matter of law on the claim for the Additional Fee, determining that no evidence existed upon which the jury could rely to find that Boaziz had purchased the West Golf Parcel.

The district court denied the motion on the claim for the Origination Fee, determining that sufficient evidence existed upon which the jury could rely to find a meeting of the minds on the essential terms of the agreement for the Origination Fee. The district court also denied the motion for a new trial, determining that Exhibit 4 was not hearsay: it was not offered for the truth of the matters therein, but instead as evidence relevant to whether any agreement existed between the parties. The court entered an amended final judgment against Innovative and Boaziz in the amount of $100,000.

## Issues on Appeal

Innovative and Boaziz ("Appellants") appeal the amended final judgment, arguing that the district court erred in denying their motion for summary judgment and their motion for judgment as a matter of law on the Origination Fee. They also contend that the district court erred in denying their motion for a new trial.

Bezalel cross-appeals, arguing that the district court's grant of judgment as a matter of law to Innovative and Boaziz on the claim for the Additional Fee is reversible error.

## Standards of Review

This court reviews a district court's grant of summary judgment <u>de novo</u>, applying the same legal standards used by the district court. <u>Hilburn v. Murata Elcs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." <u>Wooden v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 247 F.3d 1262, 1271 (11th Cir. 2001) (<u>citing</u> Fed. R. Civ. P. 56(c)).

This court also reviews <u>de novo</u> a district court's grant or denial of a renewed motion for judgment as a matter of law under Federal Rules of Civil Procedure 50. <u>Cleveland v. Home Shopping Network, Inc.</u>, 369 F.3d 1189, 1192 (11th Cir. 2004). "Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." <u>Id</u>. (<u>Citing</u> Fed. R. Civ. P. 50).

"We review rulings on the admission of evidence and motions for new trial for abuse of discretion." <u>Millennium Partners, L.P. v. Colmar Storage, LLC</u>, 494 F.3d 1293, 1301 (11th Cir. 2007).

## Discussion

Appellants contend that the district court erred in denying their motion for summary judgment on Bezalel's contract claims. They argue, as they did in their motion for summary judgment, that a contract between Bezalel, Innovative, and Boaziz would be void as illegal because that contract would require Bezalel, who is not a licensed mortgage broker, to secure financing for Innovative. We see no error in the district court's denial of the motion for summary judgment: a genuine issue of material fact existed pretrial about whether Bezalel was to arrange for financing or simply to bring the parties together for a business relationship. And, to the extent that Innovative and Boaziz seek to have the amended final judgment vacated based on this argument, that step is foreclosed by the jury verdict. The jury found that Bezalel did not "directly or indirectly attempt to arrange for or solicit financing for Innovative . . . ." We conclude the evidence to be sufficient to sustain that jury finding.

Appellants also argue that insufficient evidence existed for the jury to find that the parties had an agreement on the essential terms for payment of the Origination Fee. Having reviewed the record and the district court's order on the motion for judgment as a matter of law, or in the alternative, a new trial, we see no

error in the district court's denial of the motion for judgment as a matter of law on the Origination Fee claim. Sufficient evidence existed for the jury to make the findings that it did on the Origination Fee.

Nor do we see reversible error in the admission of Exhibit 4. The admitted document was a fax Bezalel claimed he had received from Appellant Innovative outlining the terms of their oral agreement. This document was not offered for the truth of the matters asserted -- that is, the document was not admitted as the pertinent contract -- but as evidence of whether some agreement did actually exist between the parties. The district court's order denying Defendants' motion for new trial explained that Exhibit 4 was offered by Bezalel to support his claim that an oral agreement existed; and it was admitted as a document of independent legal significance.

We believe that Exhibit 4 was admissible either as a verbal act (the ground upon which the district court relied) or as an admission from a party opponent (Innovative), or both. We cannot say the district court abused its discretion; Exhibit 4 was admissible. Even if we believe the district court should have admitted evidence on a different ground than stated by the district court, as long as we believe the evidence could have been properly admitted under some theory, we will not reverse. United States v. Jiminez, 564 F.3d 1280, 1288 (11th Cir. 2009)

7

("The law in our Circuit is clear that even when the trial judge admits testimony for a stated reason that is improper under the Federal Rules of Evidence, the decision generally will be upheld so long as the testimony is properly admissible on other, non-stated grounds apparent from the record.")

Exhibit 4 was admitted over the Defendants' objection, but Defendants – particularly Boaziz – did not request a limiting instruction. Though they complain that the district judge did not sua sponte issue a limiting instruction to the jury regarding Exhibit 4, the burden to request a limiting instruction rests with the party seeking such an instruction. United States v. Smith, 459 F.3d 1276, 1297 (11th Cir. 2006) (Federal Rule of Evidence 105 provides for limiting instructions upon request and the failure to give a limiting instruction is error only when a limiting instruction is requested), and United States v. Miranda, 197 F.3d 1357, 1360 (11th Cir.1999) ("The failure to give a limiting instruction is error only when such an instruction is requested.") See also Gray v. Busch Entertainment Corp., 886 F.2d 14, 16 (2d Cir. 1989) ("The failure to request a limiting instruction . . . waived any claim short of outright inadmissibility."). Especially given the abuse of discretion standard of review, Appellants' contentions on Exhibit 4 do not entitle them to a new trial.

On cross-appeal, we see no error in the district court's grant of judgment as a matter of law to Appellants Innovative and Boaziz on the Additional Fee claim. Our review of the record demonstrates, as the district court found, that no evidence supported the jury's verdict that Boaziz had purchased the West Golf Parcel. Because Boaziz's purchase of the West Golf Parcel was a precondition to payment of the Additional Fee, Appellants did not, as a matter of law, breach the agreement they had with Bezalel by failing to pay him the Additional Fee.

## Conclusion

For the foregoing reasons, we affirm the amended final judgment.

AFFIRMED.