255 N.J. Super. 545 (1992)
605 A.2d 773
JANET O'CONNOR AND THOMAS O'CONNOR, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
BUSCH GARDENS, ITS SERVANTS, AGENTS, OR EMPLOYEES, BUSCH ENTERTAINMENT CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1992.
Decided April 24, 1992.
*546 Before Judges PETRELLA, R.S. COHEN and KESTIN.
Joseph De Donato argued the cause for appellants (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys, Joseph De Donato of counsel and on the brief).
Maria G. Shapiro argued the cause for respondents (Terry L. Shapiro, attorney, Maria G. Shapiro on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
*547 Plaintiffs are New Jersey residents. They visited Busch Gardens, a Virginia amusement park owned by defendant Busch Entertainment Corp., a Delaware corporation (hereafter Busch Gardens). Plaintiff Janet O'Connor (hereafter plaintiff) was injured while attempting to negotiate an attraction called the "Twizzle Flop." Plaintiffs sued Busch Gardens first in Virginia, and then in New Jersey, voluntarily dismissing the Virginia action. They charged Busch Gardens with negligence. Busch Gardens denied negligence and alleged that plaintiff herself negligently caused her own injuries.
Defendant moved in the Law Division
for an order determining the "choice of law issue" such that the law of the State of Virginia applies to the trial of the within matter.
The Law Division judge denied the motion. An order she signed[1] made the ruling that New Jersey law applies. We granted defendant's motion for leave to appeal, and now reverse.
We first point out, as we did in Johnson Matthey, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co., 250 N.J. Super. 51, 65-66, 593 A.2d 367 (App.Div. 1991), that conflict of laws principles do not require that all legal issues presented by a single case be decided under the law of a single state. Instead, choice of law decisions can and should be made on an issue-by-issue basis, and thus the law of different states can apply to different issues in the same case. See Independent Petrochem. Corp. v. Aetna Cas. & Sur. Co., 674 F. Supp. 354, 356 (D.D.C. 1987); Restatement (Second) of Conflict of Laws § 145 and § 145 cmt. d (1971).
Defendant's motion was for a declaration as to the choice of law to be applied "to the trial of the within matter." When such a motion is made, the Law Division should not give a general answer that applies across-the-board to every issue *548 that might arise. It should rule only as to issues appropriately identified by the moving party, or should not rule at all.
The one issue that the parties obviously had in mind was whether New Jersey's comparative negligence law or Virginia's common-law contributory negligence doctrine applied. We will deal with this case as though that were the only issue as to which a conflicts ruling was sought. Any other issues will have to await analysis under proper standards when they arise.
In tort cases, the traditional choice is the law of the place where the wrong occurred. Although that rule is simple and relatively certain, its rigidity has led to its widespread rejection and to adoption of the more flexible governmental interest analysis. See Pfau v. Trent Aluminum Co., 55 N.J. 511, 263 A.2d 129 (1970). In contract cases, the same considerations led to abandonment of the rigid choice-of-law rule that applied the law of the place where the contract was formed. See State Farm Mut. Auto. Ins. Co. v. Estate of Simmons, 84 N.J. 28, 417 A.2d 488 (1980).
The governmental interest analysis was clearly explained in Veazey v. Doremus, 103 N.J. 244, 248, 510 A.2d 1187 (1986). The determinative law is that of the state with the greatest interest in governing the particular issue. A court first decides if there is a conflict between the law of the interested states on the issue. If there is, the next step is to identify the governmental policies underlying the law of each state, and how those policies are affected by each state's contacts to the litigation and to the parties. If a state's contacts are not related to the policies underlying its law, the state has no interest in having its law apply. See D'Agostino v. Johnson & Johnson, Inc., 255 N.J. Super. 307, 315-17, 605 A.2d 252 (App.Div. 1992).
In Veazey, Florida's doctrine of interspousal tort immunity was held to apply in an interspousal New Jersey damage action between a Florida couple arising out of a New Jersey auto accident. Florida's interest in regulating the marital relationships of its residents by maintaining interspousal immunity was *549 found to predominate over New Jersey's interest in deterring unsafe conduct on its highways. New Jersey's interest had to give way because there was no relationship found between interspousal immunity and driver safety.
Here, as in Veazey, there is a genuine conflict of laws. Virginia retains the common-law rule of contributory negligence. Litchford v. Hancock, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987). New Jersey has abandoned that doctrine, and has enacted a comparative negligence statute which does not so greatly penalize an injured person who shares responsibility for the injury. N.J.S.A. 2A:15-5.1 to 5.8; see Ostrowski v. Azzara, 111 N.J. 429, 436-37, 545 A.2d 148 (1988).
Virginia has a significant interest in deterring unsafe property conditions and unsafe conduct of people and enterprises located there. New Jersey has less deterrence interest in such conditions and conduct in Virginia, but it does have a legitimate interest in the fair compensation of injured New Jersey residents. See Mellk v. Sarahson, 49 N.J. 226, 229 A.2d 625 (1967); Pine v. Eli Lilly & Co., 201 N.J. Super. 186, 492 A.2d 1079 (App.Div. 1985). Its status as the forum state is irrelevant, as is Delaware's status as defendant's state of incorporation.
Virginia's legitimate interest in discouraging unsafe local property conditions and unsafe conduct is directly related to the substantive issue of comparative-vs.-contributory negligence on which the conflicts question focuses. New Jersey's concern for its injured citizens is also legitimate, but it cannot exempt them from other states' law setting standards for local conditions and conduct. If New Jersey's comparative negligence doctrine followed Mrs. O'Connor onto the Twizzle Flop in Virginia, it would follow her into every other state as well, and would supplant local liability rules wherever she went. That would be an impermissible intrusion into the affairs of other states.
It is irrelevant that, for its own affairs, New Jersey prefers the comparative negligence doctrine. The test we apply does *550 not permit us to weigh the relative desirability of competing substantive rules of law. That evaluation has already been made by the most interested state, and it is the forum state's duty to disregard its own substantive preference. See Shuder v. McDonald's Corp., 859 F.2d 266, 272 (3d Cir.1988). In this respect, we disagree with McDaniel v. Ritter, 556 So.2d 303, 316-17 (Miss. 1989).
Similarly, in weighing each state's interest in the parties and the occurrence, it is not appropriate to give more weight to the state that has taken recent legislative action on the subject, on the thesis that it has shown its concern by acting while the other state has slumbered. The recency of a legislative change does not necessarily recommend it. The failure of a state to change a settled area of law may have been as carefully considered as the recent legislative decision elsewhere.
Our holding that Virginia's contributory negligence doctrine applies is consistent with decisions elsewhere. In Shuder v. McDonald's Corp., supra, 859 F.2d 266, a Pennsylvania plaintiff sued in a United States District Court sitting in Pennsylvania for injuries sustained in a fall at a McDonald's in Virginia. Applying the conflicts rules of the forum state, which are much like New Jersey's, see Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970), the Court of Appeals determined that Virginia's contributory negligence rule, and not Pennsylvania's comparative negligence doctrine, should be applied. The basis of the ruling was that the accident occurred in Virginia, and involved personal conduct and the condition of real property there, which are primarily matters of local concern. 859 F.2d at 272.
Of similar import is Gray v. Busch Entertainment Corp., 886 F.2d 14 (2d Cir.1989). There, a New York resident sued in a United States District Court sitting in New York for injuries sustained at Busch Gardens in Virginia. Applying New York's conflicts rules, which are somewhat more weighted toward the law of the place of injury than are New Jersey's, the Court of *551 Appeals held that Virginia's contributory negligence law, and not New York's comparative negligence law, applied. To the same effect is Baedke v. John Morrell & Co., 748 F. Supp. 700 (N.D.Iowa 1990). But see Sabell v. Pacific Intermountain Express Co., 36 Colo. App. 60, 536 P.2d 1160 (1975) (where automobile accident between Colorado residents occurred in Iowa, Iowa law applied with respect to rules of conduct, but Colorado law of comparative negligence applied to determine plaintiff's right to recover); Patten v. General Motors Corp., Chevrolet Motors Div., 699 F. Supp. 1500 (W.D.Okla. 1987) (applying Oklahoma law to determine damages in products liability action, rather than Colorado's products liability comparative fault statute, where sale of vehicle to Oklahoma residents occurred in Oklahoma, occurrence of accident in Colorado was fortuitous, and Colorado statute was more in the nature of a rule of recovery than a conduct-regulating rule).
Our holding is also consistent with Restatement §§ 145 and 164. Section 145(1) prescribes that the rights and liabilities of the parties with respect to an issue in tort are determined by the local law which, with respect to that issue, has the most significant relationship to the occurrence and the parties. Section 164(1) states that the law selected by applying § 145 determines whether contributory fault on the part of the plaintiff precludes recovery in whole or in part, and § 164(2) states that the applicable law will usually be the local law of the state where the injury occurred. It follows that Virginia, as the place of alleged negligence on the part of one or both of the parties, has the most significant relationship to the parties and the occurrence with respect to the contributory-vs.-comparative negligence conflict. Virginia law will therefore apply with respect to that issue.
Reversed, and remanded for proceedings not inconsistent herewith.
NOTES
[1] The order denied defendant's motion for reconsideration.