274 N.J. Super. 56 (1994)
643 A.2d 39
PERFORMANCE MOTORCARS OF WESTCHESTER, INC., A/K/A PERFORMANCE LEASING CORP., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v.
KPMG PEAT MARWICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1994.
Decided June 23, 1994.
*58 Before Judges BRODY, STERN and KEEFE.
*59 Douglas M. Calhoun argued the cause for appellant (Calhoun & Associates, P.C., attorneys).
Dennis R. LaFiura argued the cause for respondent (Pitney, Hardin, Kipp & Szuch, attorneys; Mr. LaFiura and James F. Baxley, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
The issue on appeal is whether the Law Division correctly held that New York law applies to this litigation between plaintiff (Performance) and defendant (Peat Marwick). Applying the governmental interest analysis to the record before us, we conclude that New York does not have the greater interest in governing the particular issue relative to Peat Marwick's duty and reverse the judgment under review.
Inasmuch as Peat Marwick obtained partial summary judgment on this choice of law issue, we must view the facts in a light most favorable to Performance. Plaintiff, a New York corporation, authorized to do business in the State of New Jersey, entered into various motor vehicle lease agreements with Coated Sales, Inc. (Coated), a New Jersey corporation located in Monmouth County. Performance alleged in its complaint that it entered into the transaction with Coated after relying on Coated's financial statements contained in an auditor's report prepared by Peat Marwick for Coated. Coated subsequently declared bankruptcy, causing Performance to suffer significant losses. Performance instituted suit against Peat Marwick alleging that it negligently performed the audit of Coated, thus causing Performance, who relied on the audit report, to be damaged.
Performance concedes that if New York law applies, it would not have a cause of action against Peat Marwick because New York requires privity, or a near privity relationship, in order to maintain a suit against an accountant or auditor. Security Pacific Business Credit, Inc. v. Peat Marwick Main & Co., 79 *60 N.Y.2d 695, 586 N.Y.S.2d 87, 90-91, 597 N.E.2d 1080, 1083-84 (1992). Conversely, if New Jersey law applies, a cause of action is sustainable by a party not in privity with the auditor if the plaintiff is a foreseeable user who is given the audited statement by the audited business entity for a proper business purpose and to influence a business decision of the plaintiff. H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 350-53, 461 A.2d 138 (1983).
In view of the presence of an actual conflict, it becomes our function to "identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." Veazey v. Doremus, 103 N.J. 244, 248, 510 A.2d 1187 (1986). The policy behind New York's law appears to be the protection of New York licensed accountants from an "indeterminate class" of parties who claim to have relied on an auditor's report when dealing with the audited entity. Ultramares Corp. v. Touche, 255 N.Y. 170, 179-80, 174 N.E. 441 (1931). Peat Marwick maintains that New York has an undeniable interest in regulating the extent to which an accounting firm licensed to practice within its borders may be liable for work performed. New Jersey, on the other hand, recognizing that "financial statements have become the benchmark for various reasonably foreseeable business purposes[,]" has elected to compensate "innocent creditors or investors" who have sustained damages "due to an independent auditor's negligence[.]" Rosenblum, supra, 93 N.J. at 353, 351, 461 A.2d 138. In creating such a duty, New Jersey seeks not only to compensate the injured party but also encourage accountants "to exercise greater care leading to greater diligence in conducting audits[,]" thereby elevating the standards of the profession. Id. at 351, 461 A.2d 138.
Plaintiff argues that, although New York has contacts to the litigation and to the parties, and its contacts are related to the policy which undergirds the law, the qualitative nature of New Jersey's contacts with both the litigation and the parties compels a determination that New Jersey has a greater interest in governing this particular issue.
*61 Performance maintains that the audit report upon which it relied to its detriment was given to it by Coated in August, 1987. At that time, Performance, although a New York corporation, had its principal office in Edison, New Jersey. Moreover, all of the directors, officers and shareholders of Performance were residents of New Jersey. Performance was licensed as an automobile dealer and leasing business in New Jersey, authorized to do business here, and paid various forms of tax here. Further, Performance received the audit report containing the negligent misrepresentations concerning Coated's financial condition in New Jersey, relied upon that audit report in New Jersey, and, when Coated failed to perform under the agreement, was damaged in New Jersey. In essence, New Jersey is where Performance became a creditor: a member of the class that Rosenblum, supra, intended to protect.
New York's contacts with the parties and this litigation are not insignificant, but are qualitatively less than those of New Jersey's. Peat Marwick is a New York partnership. However, it is clearly a national firm doing business outside of New York's territorial borders. Whatever the goals of New York's policy may be with respect to New York accountants, it could not possibly expect its protective rule to apply where the accountant's work, performed at least partially in another state, caused injury outside its jurisdiction. See O'Connor v. Busch Gardens, 255 N.J. Super. 545, 549, 605 A.2d 773 (App.Div. 1992) (New Jersey's comparative negligence doctrine does not follow a New Jersey resident into another State so as to "supplant local liability rules wherever [plaintiff] went."). "That would be an impermissible intrusion into the affairs of other states." Ibid. We recognize for the purpose of this opinion that the Peat Marwick partner in charge of the audit worked out of the New York office; all of the planning and implementation of the audit was conducted in New York; and the final auditor's report was drafted, signed and issued in New York. Thus, the alleged negligent misrepresentations or other negligent conduct occurred in New York. However, the audit report was sent to a New Jersey client and used here in a business transaction *62 which was almost exclusively New Jersey based. We do not believe that those contacts with New York are qualitatively more significant than the parties' contacts with New Jersey.
Peat Marwick argues that New Jersey case law has held that "New Jersey has no interest in protecting the compensating rights of a non-domiciliary resident." Deemer v. Silk City Textile Mach. Co., 193 N.J. Super. 643, 649, 475 A.2d 648 (App.Div. 1984). It reasons that, because Performance is a non-domiciliary resident corporation, New Jersey has no interest in extending its foreseeability rule to allow Performance to recover against Peat Marwick because Performance could not successfully sue in New York. We reject the argument. Domicile is but one factor to be considered in the overall qualitative analysis of the relevant contacts of the states under consideration. When a plaintiff's contacts with the forum State are "tenuous" the inevitable conclusion is that the plaintiff is simply forum shopping, and that the forum state has no qualitatively greater interest in the litigation than the state with the more restrictive rule. Id. at 649, 475 A.2d 648. See Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973) (Plaintiffs, North Carolina residents, could not receive benefit of New Jersey product liability law where a vehicle was purchased in North Carolina and accident occurred there.). Here, Performance's contacts with New Jersey are far from tenuous. During the relevant time period, Performance had its principal place of business here, was authorized to do business here, and was licensed in New Jersey to do the very business it was engaged in with Coated. Specifically, the transaction which made Performance a creditor of Coated, resulting, according to Performance, from its reliance on defendant's audit, occurred completely in New Jersey.
Thus, we conclude that the trial judge erred in holding that New York has the greater governmental interest in having its substantive law apply to the issue at hand. Reversed and remanded for further proceedings.