145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephanie GINGELESKIE, Executrix of the Estate of Joseph
Peter Gingeleskie, Plaintiff-Appellant,
v.
WESTIN HOTEL COMPANY, Defendant-cross-claimant Appellee.
John Doe, 1-100; Jane Doe, 1-100; ABC; DEF; GHI; JKL; MNO;
PQR Defendants-cross-defendants-Appellees,
Supershuttle of Arizona, Inc., dba; Vern Smith, husband and
sole proprietor; Jane Doe Smith, wife Defendants-Appellees.
 No. 97-15911.
D.C. No. CV 95-014 PGR.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1998.
Decided May 22, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 
 
 2
 Before FERGUSON and THOMAS, Circuit Judges and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision.
 
 DISCUSSION
 I. Choice of Law
 
 5
 Following the transfer of a case pursuant to 28 U.S.C. § 1404(a), the transferee court must apply the choice of law rules of the transferor state. Newton v. Thomason, 22 F.3d 1455, 1459 (9th Cir.1994); Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965 (9th Cir.1993). Here, the Arizona district court was correct in applying New Jersey choice of law principles.
 
 
 6
 Under New Jersey law, "the determinative law is that of the state with the greatest interest in governing the particular issue." O'Connor v. Busch Gardens, 255 N.J.Super. 545, 605 A.2d 773, 774 (N.J.Super.Ct.App.Div.1992); see also Deemer v. Silk City Textile Mach. Co., 193 N.J.Super. 643, 475 A.2d 648, 650 (N.J.Super.Ct.App.Div.1984). In determining the weight of governmental interests, New Jersey courts look to "the qualitative nature of contacts" so that only those which "are likely to promote valid state policies are considered relevant ." Henry v. Richardson-Merrell, Inc., 508 F.2d 28, 32 (3d Cir.1975), cited in Pine v. Eli Lilly & Co., 201 N.J.Super. 186, 492 A.2d 1079, 1082 (N.J.Super.Ct.App.Div.1985). Here, a qualitative evaluation of the factual contacts indicates that Arizona law should apply.
 
 
 7
 Where the plaintiff in a tort action is a domiciliary of New Jersey, as Gingeleskie was in this case, New Jersey courts favor applying New Jersey law. Pine v. Eli Lilly & Co., 201 N.J.Super. 186, 492 A.2d 1079, 1083 (N.J.Super.Ct.App.Div.1992). However, all other pertinent factors point to the application of Arizona law. As the district court noted, "all of the relevant factual contacts are with the State of Arizona, i.e. the situs of the injury, where the death occurred, where the alleged negligence occurred..." Furthermore, Arizona possesses a governmental interest in regulating its significant tourism industry and in-state transportation. The specific factual contacts of this case pertain directly to Arizona's governmental interests. We must disagree with the district court's conclusion that these interests are outweighed by New Jersey's single interest in protecting its domiciliaries. On remand, the substantive law of Arizona should apply.
 
 II. Summary Judgment
 
 8
 The party moving for summary judgment carries the burden of demonstrating that "no genuine issue as to any material fact" exists and that he is entitled to judgment as a matter of law. Fed.R .Civ.Proc. 56(c). The court conducts a threshold inquiry to decide whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must "view the evidence in the light most favorable to the nonmoving party ... [and] must assume the truth of the evidence set forth by the nonmoving party." T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir.1987).
 
 
 9
 A. Genuine issues of material fact exist as to whether Westin Hotel met its duty under § 314.
 
 
 10
 Arizona courts have adopted Restatement (Second) of Torts § 314A (1965) to define the duty of care owed by innkeeper to guest and common carrier to passenger. DeMontiney v. Desert Manor Convalescent Center, Inc., 144 Ariz. 6, 695 P.2d 255, 259-60 (Ariz.1985) (In Banc). Appellant has presented a genuine issue of material fact as to whether Westin Hotel met its duty under § 314, thus precluding summary judgment.[1] § 314 states that an innkeeper or common carrier must take reasonable steps to care for a patron, once it is known or there is reason to know of a patron's illness. Restatement (Second) of Torts § 314A. This includes the duty to take reasonable steps to "turn the sick man over to a physician." Id.
 
 
 11
 Here, Gingeleskie approached the front desk and spoke to Westin employee Suzanne Malcolm. Gingeleskie asked for a medical facility on site, stated that he was not feeling well, and decided to go to a hospital emergency room. Westin records reflect that at the time of this conversation, Gingeleskie, who was an overweight male in his mid-forties, appeared "pale and sweating" and "flushed white." Westin's policy manual requires employees to call hotel security in the event of a request for medical assistance. Unaware of this policy, Malcolm called another employee, Joe Thomas, to summon a taxicab for Gingeleskie. As he left the hotel, Gingeleskie was met by the Manager of Guest Services, Justin Stark, who asked him how he was. Gingeleskie responded that he was "not feeling too well." From these facts, a jury could conclude that Westin had reason to know that Gingeleskie was ill and that it failed to take reasonable steps in, response.
 
 
 12
 In addition, Appellant proffered expert testimony by hotel management expert Dr. Gary Vallen who "concluded that hotel personnel did not conduct themselves in accord with accepted standards of hotel management." Dr. Vallen further stated that "[u]pon arrival at the front desk, Mr. Gingeleskie should have been made as comfortable as possible and the hotel should have immediately called for an ambulance." This Court has held that "[e]xpert opinion evidence is itself sufficient to create a genuine issue of material fact sufficient to defeat a summary judgment motion." Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1270 (9th Cir.1994). Under Thomas, Dr. Vallen's testimony could be sufficient by itself to defeat summary judgment for Westin. The expert testimony, taken together with Gingeleskie's request for emergency medical assistance, the knowledge of two Westin employees and a Westin manager that Gingeleskie felt ill, and the violation of Westin's own policy, poses a genuine issue of material fact as to whether Westin met its duty under § 314.
 
 
 13
 We therefore REVERSE the district court's summary judgment in favor of Westin Hotel.
 
 
 14
 B. Summary judgment in favor of Smith, ExecuCar, and SuperShuttle proper.
 
 
 15
 A duty to take action by Smith did not arise under § 314 until the need to render medical assistance became apparent. To Smith, Gingeleskie appeared to be "in fine shape," normal, and not in distress. Smith noted that Gingeleskie was pale only insofar as he did not have an Arizona tan. Appellant has not shown that a genuine issue exists as to Smith's awareness of Gingeleskie's condition at the time he agreed to take him as a passenger. The only possible action that Smith could have taken other than what he did, would have been to refuse to take the deceased to the hospital. That probably would have resulted in liability against him as a common carrier for refusing to accept a passenger. Under these facts, we know of no law nor case that sanctions a common carrier for accepting the transportation of a person, sick or well, to a hospital. Likewise, we know of no duty that requires common carriers to be expert in medical diagnosis. Therefore, we AFFIRM the district court's grant of summary judgment in favor of Smith, Execucar, and SuperShuttle.
 
 III. Costs
 
 16
 Defendant-Appellee Supershuttle shall be awarded its costs against plaintiff-appellant Gingeleskie. Gingeleskie shall be awarded one half of her costs against defendant-appellee Westin Hotel.
 
 
 17
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 **
 Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A duty under Restatement (Second) of Torts § 323 (1971) applies only to those persons or entities who are under no other duty to act. Dagget v. County of Maricopa, 160 Ariz. 80, 770 P.2d 384, 389 (Ariz.Ct.App.1989); Barnum v. Rural Fire Protection Co., 24 Ariz.App. 233, 537 P.2d 618, 622 (Ariz.Ct.App.1975). Because appellees have a duty under § 314, summary judgment for appellees is proper as to claims under § 323