930 A.2d 472 (2007)
395 N.J. Super. 623
Danilo ARIAS, Plaintiff,
v.
Freddy FIGUEROA and Francisco Ramirez, Defendants, and
Avis Rent-A-Car System, Inc., Defendant-Appellant, and
National General Insurance Company, Intervenor/Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 2007.
Decided August 23, 2007.
*473 Sam Rosenberg, Morris Plains, argued the cause for appellant[*] (Reiseman, Rosenberg & Pfund, attorneys; Mr. Rosenberg, of counsel; David J. Bloch, on the brief).
Joseph V. Pinto argued the cause for respondent (Slowinski Atkins, Newark, attorneys; Matthew S. Slowinski and, with Mr. Pinto, on the brief).
Before Judges KESTIN, WEISSBARD and LIHOTZ.
The opinion of the court was delivered by
KESTIN, P.J.A.D. (retired and temporarily assigned on recall).
Defendant Avis Rent-A-Car System, Inc. (Avis) appeals from a judgment in favor of intervenor/defendant National General Insurance Co. (NGIC) on their respective cross-claims. The dispute between Avis and NGIC has its roots in a complaint in which plaintiff, Danilo Arias, sought damages in a cause of action arising from a motor vehicle collision in Passaic on October 21, 2001.
Plaintiff's vehicle was struck by a mini-van owned by Avis. The mini-van, driven by defendant Freddy Figueroa, had been rented from Avis by defendant Francisco Ramirez. Plaintiff was a resident of New Jersey at the time of the collision; Figueroa and Ramirez were residents of New York. The vehicle rental transaction had occurred in New York through an Avis office there. The vehicle itself was registered in California and carried a California license plate. Avis's principal place of business is in New Jersey. NGIC, plaintiff's automobile insurer, which is nominally liable for under-insured motorist (UIM) coverage, intervened as a defendant, and filed a cross-claim against Avis seeking a declaratory judgment holding Avis vicariously liable for the negligence of the driver of its vehicle. Avis responded with cross-claims for contribution and indemnification.
If Avis is not vicariously liable for the negligence of Figueroa or Ramirez, it contends its exposure is limited to $15,000 of insurance coverage provided under the vehicle rental contract, thus bringing into play plaintiff's own UIM coverage with *474 NGIC. On the other hand, because Avis is self-insured, if it is vicariously liable, its exposure is relatively unlimited, at least to the extent of the $100,000/$300,000 UIM insurance coverage provided by NGIC, i.e., there would be no under-insurance in the matter for which NGIC would be answerable.
The matter came before the trial court initially on Avis's motion for summary judgment seeking dismissal of NGIC's cross-claim on the basis that, in New Jersey, under the long-standing common law rule applicable here, Avis is not vicariously liable for the actions of Figueroa and Ramirez because neither of them were agents of Avis. See Kim v. Paccar Financial Corp., 385 N.J.Super. 142, 145, 896 A.2d 489 (App.Div.), certif. denied, 188 N.J. 219, 902 A.2d 1236 (2006). NGIC contends that New York law applies, specifically N.Y. Vehicle and Traffic Law, § 388(1) (McKinney 1996), under which, NGIC argues, Avis would be vicariously liable for the negligence of its vehicle's operator. See Fu v. Fu, 160 N.J. 108, 118, 733 A.2d 1133 (1999); Haggerty v. Cedeno, 279 N.J.Super. 607, 609, 653 A.2d 1166 (App.Div. 1995). That provision imposes liability on "[e]very owner of a vehicle used or operated in [New York] for death or injuries to person or property resulting from negligence in the use or operation of such vehicle[,]" where such use is permissive. N.Y. Vehicle and Traffic Law, § 388(1).
Following argument on the motion for summary judgment, the motion judge, for reasons stated on the record, held that New York law applied. A conforming order was entered the same day, January 7, 2005. As far as we can determine from the record on appeal, the court did not rule on a cross-motion by NGIC dealing with the liability of Figueroa and Ramirez, who have, apparently, defaulted. After oral argument on Avis's motion for reconsideration, the motion judge adhered to his initial ruling, again expressing his reasons on the record, and confirming the ruling in an order entered the same day, February 4, 2005.
Avis once again applied for reconsideration on the ground that California law should govern because the vehicle was registered in that State. Another judge denied that motion for reasons stated on the record, ruling essentially that Avis, having twice previously presented the issue as primarily a choice between New Jersey law and New York law, could not, in a third application, freshly stress that California law controlled, especially since the parties had known of the California connection from the beginning. The judge entered a conforming order on the same day, August 5, 2005.
Thereafter, finality was achieved with the entry of a consent judgment against Avis for $93,000 in favor of plaintiff on November 7, 2005. The settlement agreement at the basis of the consent judgment reserved to Avis the opportunity to "appeal[] the issue of vicarious liability." Accordingly, Avis appeals from the orders of January 7, February 4, and August 5, 2005.
In reviewing a trial court's determination on a question of law, we are to consider the matter de novo, with no deference to the trial court's views. See Manalapan Realty v. Township Committee of Manalapan Twp., 140 N.J. 366, 378, 658 A.2d 1230 (1995). Choice of law is, manifestly, a legal determination. See Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J.Super. 261, 283, 918 A.2d 27 (App.Div.2007).
The modern mode of making choice of law determinations requires a court to engage in a "governmental interest" analysis, which is designed to result in application of *475 the law of the state with the most significant interest in resolving the issue presented. See Veazey v. Doremus, 103 N.J. 244, 247, 510 A.2d 1187 (1986). The basic choice of law standards as set out in the Restatement (Second) of Conflict of Laws § 6 (1971), have been recognized in New Jersey, see Fu v. Fu, 160 N.J. 108, 122-25, 733 A.2d 1133 (1999), as have the tort principles of § 145 incorporating those standards, see id. at 125-27, 733 A.2d 1133, and the approaches of § 174 for resolving choice of law questions bearing upon issues of vicarious liability, see id. at 127-28, 733 A.2d 1133. The older rule of lex loci delecti, i.e., employing, as the decisive standard for all substantive issues, the law of the state where the wrong occurred, is no longer dispositive; however, considerations of that type remain significant, perhaps even critical in appropriate instances, in the ultimate evaluation regarding the basic tort issues. See Fu, supra, 160 N.J. at 125-26, 733 A.2d 1133. But, issues of vicarious liability are determined separately. See Restatement § 174, comment b.
In this matter, we are faced, principally, with the choice of law as between two jurisdictions, New Jersey and New York. The governmental interest of California as the state in which the vehicle was registered fades into insignificance when compared with the level of governmental interest in both New Jersey and New York.
Militating in favor of choosing New Jersey law are the factors that the accident occurred in this state, that plaintiff resides here, and that Avis, the defendant with the primary interest in the vicarious liability issue, has its principal place of business here. The factors that militate in favor of New York law are that the vehicle rental transaction and the establishment of the underlying relationship occurred there through an office maintained by Avis in that State, and that the renter and the driver were both residents of New York.
The New Jersey factors, together, provide an attractive basis for concluding that this State's interests in the case as a whole predominate over New York's. It is this State that has the primary interest in assuring that its residents are properly compensated for torts committed against them, see O'Connor v. Busch Gardens, 255 N.J.Super. 545, 549, 605 A.2d 773 (App. Div.1992), that its domiciliary businesses are properly responsive to their tort liabilities, see Gantes v. Kason Corp., 145 N.J. 478, 490, 679 A.2d 106 (1996), and that torts committed in this State are appropriately adjudicated, see Harrow Stores, Inc. v. Hanover Ins. Co., 315 N.J.Super. 547, 553-54, 719 A.2d 196 (App. Div.1998).
Nevertheless, the New York factors are no less important. It is New York that has the primary interest in assuring that entities that do business there are governed by appropriate legal standards, and that defendants engaged in business in New York who are connected with the commission of torts elsewherearising from the conduct of the businessare held properly responsible. See Haggerty, supra, 279 N.J.Super. at 612, 653 A.2d 1166. The judge reconsidering the summary judgment motion observed that, while Avis, as a separate entity, is a New Jersey corporation, it is a part of a larger corporate enterprise, Cendant, which is a New York corporation. That fact may be of little moment legally, but it is of considerable importance that Avis chooses to do business in New York, with a likely extensive presence there; and may thus be seen to have made a concomitant choice to be governed by New York law, at least with regard to transactions and relationships that originate in that State.
Choice of law issues often present close questions. We are bound to decide *476 them with appropriate consideration for the qualities of the particular issue or issues to be addressed, see O'Connor, supra, 255 N.J.Super. at 547, 605 A.2d 773, and on the basis of value determinations and policy choices, cf. Erny v. Estate of Merola, 171 N.J. 86, 103, 792 A.2d 1208 (2002); Fu, supra, 160 N.J. at 119, 733 A.2d 1133, rather than considerations of financial benefit, see Haggerty, supra, 279 N.J.Super. at 612, 653 A.2d 1166; or by way of applying arbitrary rules, or bending to parochial interests, or engaging in knee-jerk reactions, cf. Blakey v. Cont'l Airlines, 164 N.J. 38, 65, 751 A.2d 538 (2000); Silverman v. Berkson, 141 N.J. 412, 421, 661 A.2d 1266 (1995). Moreover, "choice of law decisions can and should be made on an issue-by-issue basis and, thus, the law of different states can apply to different issues in the same case." O'Connor, supra, 255 N.J.Super. at 547, 605 A.2d 773. See also, Veazey, supra, 103 N.J. at 248, 510 A.2d 1187.
If the choice of law issue before us bore on questions of direct liability for the tort involved, we would have no difficulty concluding that New Jersey law governs, because the tort occurred here, the plaintiff is a New Jersey resident, and the defendant whose rights are at issue is a New Jersey domiciliary. But, where the focal issue is the relational question of vicarious liability, it seems considerably more important to apply the law of the place where the underlying relationship was created, especially since that relationship came about as the result of Avis's obviously conscious election to do business there and create, there, the relationship with incidents that have become the central issue in this dispute. See Haggerty, supra, 279 N.J.Super. at 612, 653 A.2d 1166. The Restatement, in comment b to § 174, addresses these considerations:
Relationship to tortfeasor. One person should not be held liable for the tort of another person unless his relationship to the other person makes the imposition of such liability appropriate. In making this determination, the forum will not be guided exclusively by its own local rules of vicarious liability. The fact that vicarious liability would not be imposed by the local law of the forum will not of itself be decisive. It is enough that the forum believes that the relationship between the defendant and the other person affords a fair and reasonable basis for the imposition of such liability. In reaching its decision as to what is fair and reasonable, the forum will be influenced by rules of vicarious liability prevailing in other states. It is unlikely that a relationship which forms the basis for the imposition of vicarious liability in a substantial number of states will be held inadequate by the forum even if it would not result in such liability under the forum's local law.
"The determinative law is that of the state with the greatest interest in governing the particular issue." O'Connor, supra, 255 N.J.Super. at 548, 605 A.2d 773. Avis could not reasonably expect to do business in New York with immunity from the laws of that State governing the incidents of the relationships created in the course of that business. It is appropriate that the law of New York should govern the legal consequences of a contract entered into there and a relationship created there. See Haggerty, supra, 279 N.J.Super. at 612, 653 A.2d 1166. It was foreseeable that the renter/user of the vehicle would commit a tort in a state with a different rule of law than applies in New York. New Jersey's contact with the vehicle and its owners was no less fortuitous in this case than in Haggerty, supra, 279 N.J.Super. at 612, 653 A.2d 1166, where we held New York's vicarious liability *477 standard to govern. "If a state's contacts are not related to the policies underlying its law, the state has no interest in having its law apply." O'Connor, supra, 255 N.J.Super. at 548, 605 A.2d 773. If New Jersey's interests in the compensation of its residents and adjudicating liability and damages for torts committed in this State were to follow its domiciliary corporations wherever they choose to do business, those interests "would supplant local liability rules wherever [the corporation] went. That would be an impermissible intrusion into the affairs of other states." Id. at 549, 605 A.2d 773.
It is irrelevant that, for its own affairs, New Jersey prefers [its own legal rule]. The test we apply does not permit us to weigh the relative desirability of competing substantive rules of law. That evaluation has already been made by the most interested state, and it is the forum state's duty to disregard its own substantive preference.
[Id. at 549-50, 605 A.2d 773.]
See also Fu, supra, 160 N.J. at 139, 733 A.2d 1133.
Yet, we cannot ignore the plain purport of the New York statute at issue here. In providing a rule of vicarious liability applying to "[e]very owner of a vehicle used or operated" in that State, the New York Legislature may be seen to have plainly intended that its rule would have no extra-territorial effect, i.e., applying to claims arising from the use or operation of a vehicle outside of that State. See id. at 128-30, 733 A.2d 1133. Given the quality and extent of New Jersey's generalized interest in this litigation, and the literal limitations in operational scope of the New York statute, we conclude, on balance, in the circumstances, that New Jersey's interest in the conduct and outcome of the litigation outweighs New York's interest in applying its rule for vicarious liability extra-territorially, especially in the light of the terms of limitation expressed in that statutory rule.
The trial court's choice of law determination, must, therefore, be reversed. A remand is required for such further proceedings as may be necessary, including those addressing other issues in the matterraised on appeal even though not previously considered by the trial courtsuch as the assignability of plaintiff's UIM claims and Avis's right, especially as a self-insurer, to stand in the shoes of the insured regarding the insured's right to claim UIM coverage.
To the extent we have not specifically addressed other issues raised by either party on appeal, we deem those issues to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
Reversed and remanded.
NOTES
[*] In the trial court and through the filing of the notice of appeal, counsel for defendant Avis Rent-A-Car System, Inc. (Avis) also purported to represent defendants Freddy Figueroa and Francisco Ramirez. Since perfection of the appeal, counsel represents Avis only.